[Crim. No. 112.  In Bank.—April 14, 1896.]

EX PARTE J. E. HASKELL ON HABEAS CORPUS.

MUNICIPAL CORPORATIONS—HIGH LICENSE TO TRAVELING SALESMEN—VALIDITY OF ORDINANCE.—An ordinance of a municipal corporation having power to license all and every kind of business transacted or carried on within its limits, may lawfully impose upon traveling salesmen a license of fifty dollars per quarter, although a less amount is imposed upon those who sell at a fixed place of business within the municipality; and such ordinance is not unreasonable, oppressive, nor unlawful in its discriminations.

ID.—INTENDMENTS IN FAVOR OF ORDINANCE—POWER OF MUNICIPALITY.—Every intendment is to be indulged in favor of the validity of a munici pal ordinance imposing a license fee for the carrying on of a particular business within its limits, and such ordinance must be very clearly unreasonable or oppressive, or unlawfully discriminating, in order to be held invalid, it being the province and right of the municipality to regulate its local affairs, and the duty of the court to uphold such regulations, unless manifestly transcending the power of the municipality.

ID.—POWER TO LICENSE—DISCRIMINATION.—The power to license for purposes of regulation and revenue is a branch of the taxing power, and

involves the right to discriminate between different trades, and between essentially different methods of conducting the same general character of business or trade; and there is no unlawful discrimination, in requiring a special license fee for traveling salesmen, where there is no discrimination in favor of residents or against nonresidents of the municipality.

ID.—EFFECT OF TITLE OF ORDINANCE—CONSTITUTIONAL LAW.—The constitutional provision that acts of the legislature shall embrace but one subject, which shall be expressed in the title, has no application to municipal ordinances.

HEARING in the Supreme Court upon writ of *habeas corpus* to the marshal of Chico, Butte County.

The facts are stated in the opinion of the court.

*D. E. Alexander*, and *Isaac Joseph*, for Petitioner.

The authority of the board of trustees to impose fees for the purpose of revenue does not warrant their being made so heavy as to be prohibitory. (*Ex parte Burnett*, 30 Ala. 461; *Craig* v. *Burnett*, 32 Ala. 728; *Burlington* v. *Putnam Ins. Co.*, 31 Iowa, 102; *Kitson* v. *Ann Arbor*, 26 Mich. 325; *Mason* v. *Lancaster*, 4 Bush, 406; *Kniper* v. *Louisville*, 7 Bush, 601.) They have the right to levy a license for regulation, but the fee must be only such as will legitimately assist in the regulation. (*Ex parte Frank*, 52 Cal. 606; 28 Am. Rep. 642; *Freeholders* v. *Barber*, 7 N. J. L. 64; *Kip* v. *Paterson*, 26 N. J. L. 298; *State* v. *Hoboken*, 33 N. J. L. 280; *Boston* v. *Schaffer*, 9 Pick. 415; *Commonwealth* v. *Stodder*, 2 Cush. 562; 48 Am. Dec. 679; *Mobile* v. *Yuille*, 3 Ala. 137; 36 Am. Dec. 441; *Bennett* v. *Birmingham*, 31 Pa. St. 15; *Cincinnati* v. *Bryson*, 15 Ohio, 625; 45 Am. Dec. 593; *Mays* v. *Cincinnati*, 1 Ohio St. 268; *Collins* v. *Louisville*, 2 B. Mon. 134; *Ward* v. *Maryland*, 12 Wall. 429; Dillon on Municipal Corporations, sec. 609.) Haskell is a merchant, and is entitled to do business in Chico upon the same terms as other merchants. (*Mayor etc.* v. *Althrop*, 5 Cold. 559; *In re Siebenhauer*, 14 Nev. 365; *Ex parte Frank, supra; Graffty* v. *Rushville*, 107 Ind. 502; 57 Am. Rep. 128; *Benjamin* v. *Webster*, 100 Ind. 15.) The ordinance discriminates against him because he does

not reside in Chico, because he does not sell to the trade, and also because he has no fixed place of business in Chico, and is void. (Const., art. I, sec. 21; *Lassen County* v. *Cone,* 72 Cal. 387; *Ex parte Frank, supra; County of El Dorado* v. *Meiss,* 100 Cal. 273; *Mayor etc.* v. *Althrop, supra; Budd* v. *State,* 3 Humph. 483; 39 Am. Dec. 189; *Wally* v. *Kennedy,* 2 Yerg. 554; 24 Am. Dec. 511; *Officer* v. *Young,* 5 Yerg. 320; 26 Am. Dec. 268; *Jones* v. *Perry,* 10 Yerg. 59; 30 Am. Dec. 430; *Tugman* v. *Chicago,* 78 Ill. 405; *Shreveport* v. *Levy,* 26 La. Ann. 671; 21 Am. Rep. 553.) It is not reasonable nor in harmony with the general laws or constitution. (*Ex parte Kearny,* 55 Cal. 225; *Ex parte Hodges,* 87 Cal. 162; *Ex parte Whitwell,* 98 Cal. 73; 35 Am. St. Rep. 152; *Ex parte Sing Lee,* 96 Cal. 354; 31 Am. St. Rep. 218; 17 Am. & Eng. Ency. of Law, 250.) It contravenes common right in preventing citizens of this state from freely trading with the people of Chico upon the same terms as they trade among themselves, and is against public policy. (Dillon on Municipal Corporations, sec. 325; *Ex parte Frank, supra.*) It is void because it is left to the discretion of the recorder whether persons violating it shall be punished with the severest penalty which the city has power to inflict, or whether a light penalty, commensurate with the gravity of the offense, shall be inflicted. (*In re Ah You,* 88 Cal. 101; 22 Am. St. Rep. 280.) It is also void because its objects are not specified in the title. (Const., art. IV, sec. 24.) It is an exercise of the taxing power, and the municipality has no power to tax property except such as may be situated in the city. (*Brennan* v. *Titusville,* 153 U. S. 289–308; *Emert* v. *Missouri,* 156 U. S. 319; *McCall* v. *California,* 136 U. S. 104.)

*F. C. Lusk,* for Respondent.

The presumption is that a municipal ordinance is reasonable, and the burden is upon the parties who deny the validity of the ordinance, and it will only be held invalid with extreme caution. (*St. Louis* v. *Weber,*

44 Mo. 542; 100 Am. Dec. 324; *Ex parte Whitwell*, 98 Cal. 79; 35 Am. St. Rep. 152.)  If part of an ordinance, or part of a section in it, is invalid, but can be separated from the remainder, the latter can stand and the former be rejected.  (*Ex parte Christensen*, 85 Cal. 211.)  There is no unlawful discrimination in the ordinance.  A municipality has the right to discriminate between different businesses.  (*Warren Borough* v. *Geer*, 117 Pa. St. 211; *Quartlebaum* v. *State*, 79 Ala. 1; *Martin* v. *Rosedale*, 130 Ind. 109; *Ex parte Hanson*, 28 Fed. Rep. 127; *State* v. *O'Hara*, 36 La. Ann. 94; *St. Louis* v. *Spiegel*, 8 Mo. App. 478; *Cherokee* v. *Fox*, 34 Kan. 16; *East St. Louis* v. *Wehrung*, 46 Ill. 394; *St. Louis* v. *Sternberg*, 69 Mo. 301; *St. Louis* v. *Bowler*, 94 Mo. 634; *Machine Co.* v. *Gage*, 100 U. S. 679; *Titusville* v. *Brennan*, 143 Pa. St. 648; 24 Am. St. Rep. 580; *Ex parte Hurl*, 49 Cal. 557; *County of Amador* v. *Kennedy*, 70 Cal. 460; *Ex parte Heylman*, 92 Cal. 492; *Ex parte Felchlin*, 96 Cal. 360; 31 Am. St. Rep. 223.)  The ordinance is not unreasonable or oppressive.  (*Sipe* v. *Murphy*, 49 Ohio St. 536; *Glaser* v. *Cincinnati*, 31 Week. Law Bul. 243; *Brooks* v. *Mangan*, 86 Mich. 576; 24 Am. St. Rep. 137.)  An ordinance is not void by reason of the punishment imposed, if a case can be conceived where the punishment would not be unreasonable.  (*Ex parte Miller*, 89 Cal. 41; *Ex parte Mansfield*, 106 Cal. 400.)  The provision of the constitution providing that no law shall contain more than one subject, which shall be clearly expressed in the title, has no application to city ordinances.  (*Tarkio* v. *Cook*, 120 Mo. 1; 41 Am. St. Rep. 278.)

Van Fleet, J.— The city of Chico is a municipal corporation of the fifth class, having power as such to license, for purposes of regulation and revenue, all and every kind of business transacted or carried on in such city, and to fix rates of license tax upon the same, and provide for their collection.  It has an ordinance which, among other provisions thereof relating to the revenue, has the following:

" Persons, outside of those conducting regular places of business, selling different articles of apparel, dry goods, fancy goods, notions, jewelry, cutlery, groceries, harness, pianos, organs, machinery of all kinds, vehicles, hardware, tinware, mill products, or merchandise of any class or character, to persons not regularly engaged in, or carrying on, such lines of business, whether by sample or otherwise, shall pay a license of fifty dollars per quarter."

Haskell, a traveling salesman for a shirt house in Oakland, was arrested, and is held by the marshal of Chico, upon a warrant issued from the recorder's court of said city, upon a complaint which charges Haskell with a misdemeanor in vending within said city wearing apparel, to wit, shirts by sample, without a license therefor, in violation of the provision of said ordinance above quoted.

The petitioner asks that Haskell be discharged on *habeas corpus*, upon the ground that the ordinance is void and of no effect for various alleged reasons, and so furnishes no competent authority for his detention.

It is urged, in effect, that the particular provision in question is unreasonable and oppressive, and that it is unequal and unlawfully discriminating. But we are unable to regard it as open to either or any of these objections. A municipal ordinance must be very clearly obnoxious to such objections as those made, or some one of them, before it will be declared invalid by the courts. Every intendment is to be indulged in favor of its validity, and all doubts resolved in a way to uphold the lawmaking power; and a contrary conclusion will never be reached upon light consideration. It is the province and right of the municipality to regulate its local affairs —within the law, of course—and it is the duty of the courts to uphold such regulations, except it manifestly appear that the ordinance or by-law transcends the power of the municipality, and contravenes rights secured to the citizen by the constitution, or laws made in pursuance thereof. That the ordinance in question violates any such right we are unable to perceive. It

is said that the provision is unreasonable and oppressive because the license, charged against the business pursued by Haskell, is so disproportionately great, in comparison with the rates charged against other classes of merchants, as to make it apparent that the amount was fixed with a view and purpose of prohibiting Haskell and others pursuing the same calling from doing business in the said city, a result which is in restraint of trade and against public policy. This contention is based upon the fact that, elsewhere in the same article, the ordinance provides for licensing those engaged in trade within said city, "who at a fixed place of business sell any goods, wares, or merchandise," etc., of the same general character, and divides such into classes, according to the amount of their monthly sales, and fixes rates of license based upon such classification, somewhat less, perhaps, in proportion than the license tax charged against the business as carried on by Haskell. But we cannot say that the ordinance is either oppressive or unreasonable by reason of this difference. The very power to license for purposes of regulation and revenue involves the right to make distinctions between different trades and between essentially different methods of conducting the same general character of business or trade. And that is all that is done here. While it may be true, as suggested by petitioner, that Haskell is, in a sense, a merchant equally with those having a fixed place of business, it is nevertheless true that the manner in which he conducts and carries on his business is so distinct from that of the merchant of the latter class as to make it essentially a different business. And we are not at liberty to say that this difference does not constitute a just ground for the discrimination which the ordinance makes between the two. The tax imposed is not upon its face necessarily unreasonable, and to say that it is so simply because the legislative body of the city has seen fit to impose a heavier license upon the business when so conducted than where carried on in a different way, is, as suggested in *Ex parte*

*Hurl*, 49 Cal. 558, "to argue that because the common council, in fixing the rates for licenses, have discriminated between the several business pursuits which they were regulating, and have imposed a larger license tax upon one pursuit than upon any other, the ordinance is oppressive and unreasonable. But to argue thus is to forget that the authority of the common council to fix the rates of license is a branch of the taxing power—which is in itself the power to discriminate as to the objects upon which burdens are to be imposed—but which, not being taxation pure and simple, is as yet untouched by the constitutional requirement of uniformity."

It may well be that to the knowledge of the city council the profits of such itinerant business, by reason of the fact that there are no rents, taxes, insurance, or other municipal charges to pay in its pursuit, are so much greater proportionately over the same amount of business done at a fixed place as to fully justify the difference in the tax imposed. Indeed, the right to make such discriminating distinctions, based upon like grounds, is amply sustained by authority, and in many cases involving a much greater disparity between the rates charged than is exhibited here.

In *Warren Borough* v. *Geer*, 117 Pa. St. 211, where the town passed an ordinance requiring every person canvassing from house to house, soliciting orders for books, pictures, gentlemen's shirts, etc., to take out a license, and the license for selling shirts was three dollars a day, it was held that this ordinance was not unreasonable nor in conflict with the constitution of the United States or that of Pennsylvania, the court saying: "The effect of the ordinance would seem to be to subject persons who would otherwise pay no license for the privilege of doing business within the borough to the duty of paying something for the privilege, when they undertook to exercise it without incurring the expense of a mercantile license. There is surely nothing unreasonable in such a requirement."

In *Cherokee* v. *Fox*, 34 Kan. 16, it was held that an ordinance requiring itinerant hawkers, peddlers, etc., to pay a license fee of two dollars and fifty cents per day is neither class legislation nor unjust discrimination, or partial or oppressive, or inconsistent with public policy, as being in restraint of trade.

The same principle is involved in *Ex parte Heylman,* 92 Cal. 492, decided by this court, upholding a license passed by the board of supervisors of the city and county of San Francisco, for peddling meats or fish from wagons or baskets, where the license charged was seventy-five dollars a quarter for a meat peddler, and only ten dollars a quarter for peddlers of fish, vegetables, fruit, game, or poultry, and where the amount charged for vending meat by this method was a different and higher license from that charged for selling meat at a fixed place of business. In that case it is said: "The validity of such an ordinance is not now an open question here." (See, also, *County of Amador* v. *Kennedy*, 70 Cal. 460; *Ex parte Felchlin*, 96 Cal. 360; 31 Am. St. Rep. 223.)

Nor is the provision in question unlawfully discriminating. It may be conceded that, if it could be said to discriminate in favor of residents of the city of Chico by requiring such license only from nonresidents engaged in the line of business pursued by Haskell, it would be bad; or if it discriminated against residents of the state, or against merchandise from without, or not the product of, the state, that it would be void, as being in effect a regulation of interstate commerce— something entirely within the power of Congress. But it does neither of these. In the contention that it does so discriminate against nonresidents of the municipality, counsel has evidently confused this provision with another in the same ordinance relating to hawkers and peddlers who carry their goods with them, which last may be in its terms open to such objection. But the latter provision is a wholly independent one, relating to a different class, and in no way affects the construc-

tion of the feature under consideration. The fact that one portion of an ordinance, or a portion of the same section, may be void for any reason which does not necessarily affect the whole, does not invalidate another part, unless the two are so interblended or dependent that the vice of the one must be held to vitiate the other. (*Ex parte Christensen*, 85 Cal. 211.) The provision here involved is general in terms, and applies alike to all residents and nonresidents equally who do not maintain "regular places of business" in the city, and who sell to "persons not regularly engaged in carrying on such lines of business." It in no way discriminates, as to the class against which it is directed, between those living within the city and those without, but is broad enough to include all of such class wherever residing. It does put into a class by themselves those who prosecute their business by the method therein specified, and discriminates in the amount of license as between such class and merchants having their business located in the municipality, and also as between such class and persons "selling to the trade," as it is expressed, such as regular drummers and traveling salesmen for commercial houses, who go from place to place soliciting orders from merchants and traders. But such discrimination is lawful, and has been uniformly upheld upon the principle that, although the different classes are engaged in the same general business of selling merchandise, it is in the several instances carried on under such different circumstances, and by methods so essentially dissimilar, and with such widely different facilities for profit, as to furnish just and reasonable ground for such discrimination. (See cases cited above, and, also, *East St. Louis* v. *Wehrung*, 46 Ill. 394; *St. Louis* v. *Sternberg*, 69 Mo. 301; *Machine Co.* v. *Gage*, 100 U. S. 679.)

There is nothing in *Ex parte Frank*, 52 Cal. 606, 28 Am. Rep. 642, necessarily opposed to this view. In that case the attempted discrimination was made to depend, not upon the fact of any essential difference in the methods of carrying on the business, or the profits to

be derived therefrom, but solely upon the question whether the merchandise at the time of sale was or was not within the corporate limits of the city, or *in transitu* thereto. This was held to constitute no just or proper ground for the discriminating difference in amount of license imposed in the two instances, and as being, therefore, partial, unjust, and in restraint of trade.

Within the principles of *Ex parte Miller*, 89 Cal. 41, we discover no merit in the objection that the ordinance is void by reason of the penalty imposed, even if such objection can properly arise until after conviction. (See *Ex parte Mansfield*, 106 Cal. 400.) Nor is there anything in the further point that the ordinance is void because embracing more than one subject, and that not expressed in its title. The provision of the constitution as to the requirement in that respect of acts of the legislature is not made applicable in terms to municipal ordinances, and was evidently not intended so to apply. Its application would practically put an end to the practice of many cities and towns in the state, prevailing both before, at the time, and since the adoption of that instrument, of codifying the ordinances of the municipality, as in this instance, into compact and convenient form in a single ordinance. A similar requirement of the constitution of Missouri was held not to apply to city ordinances, in the absence of an express provision of the statute making it so. (*Tarkio* v. *Cook*, 120 Mo. 1; 41 Am. St. Rep. 278.)

We discover nothing in the provision of the ordinance under consideration which renders it invalid under the objections made.

The writ is denied and the prisoner remanded.

HARRISON, J., GAROUTTE, J., McFARLAND, J., and HENSHAW, J., concurred.

TEMPLE, J., dissented.