[Crim. No. 517.    Second Appellate District.—February 20, 1917.]

In the Matter of the Application of THOMAS HINES for Writ of Habeas Corpus.

MUNICIPAL ORDINANCE—DELIVERIES FOR LAUNDRIES SITUATED OUTSIDE OF CITY LIMITS—LICENSE—DISCRIMINATORY REGULATION.—A city ordinance requiring the payment of $12 per annum from every person, firm, or corporation conducting, managing, or carrying on a laundry, and the payment of $120 per annum by every person, firm, or corporation owning, operating, or maintaining a wagon or other vehicle for the delivery of laundry work to and from any laundry situated outside of the city limits, is discriminatory and void as an attempt to create and enforce a discrimination not based upon differences in the nature of the business being transacted, or differences in the manner of conducting the same business, or any other difference other than the mere fact of difference in destination of the goods collected and delivered by wagons collecting for laundries located outside of the city and the destination of goods collected for delivery to laundries within the city.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Hutton, Jensen & Fogel, and Chester L. Coffin, for Petitioner.

Fredericks & Hanna, for Respondent.

CONREY, P. J.—The petitioner is held in custody by the city marshal of the city of Venice, a city of the sixth class. His imprisonment is pursuant to a judgment of conviction of the offense of operating and maintaining a laundry wagon for

the soliciting and delivery of laundry work in the city of Venice without having first procured a license therefor as provided by an ordinance of that city; it being charged that the petitioner was operating and maintaining said wagon for the delivery of laundry work to and from a laundry situated outside of the limits of the city of Venice. He was sentenced to pay a fine, with the alternative of one day's imprisonment for each dollar of such fine being unpaid, and he refused to pay the fine; thereupon he was committed to the custody of the marshal to be imprisoned until, at the rate aforesaid, the fine shall be paid.

Ordinance No. 510 of the city of Venice is an ordinance providing for licensing and regulating the carrying on of certain described businesses. Subdivision 34 of section 10 of that ordinance, as amended by Ordinance No. 636, establishes the rate of licenses for certain businesses and occupations; and so far as applicable to this case, the provisions thereof requiring the payment of license are as follows: ''For every person, firm or corporation conducting, managing or carrying on a laundry, $12.00 per annum. For every person, firm or corporation owning, operating or maintaining a wagon or other vehicle for the delivery of laundry work, to and from any laundry situated outside of the limits of the city of Venice, whether such wagon or other vehicle shall be used to collect laundry direct from the customers or from other wagons operated by the same, or some other person, firm, or corporation, for each such wagon or vehicle, $120.00 per annum. For every person, firm or corporation running, operating, or maintaining an agency for the collection or delivery of laundry work on behalf of any laundry situated outside of the limits of the city of Venice, $120.00 for each such agency so operated or maintained.'' Another section of the ordinance declares it to be unlawful to carry on any of the described kinds of business within the corporate limits of the city of Venice without first having procured a license from said city to do so, and provides that violations of the ordinance shall constitute misdemeanors punishable by fine or imprisonment, or both fine and imprisonment.

Petitioner claims that the ordinances above mentioned are void and that the recorder's court was without jurisdiction to try him upon the alleged offense; that the ordinance requires and imposes no tax upon wagons maintained for delivery of

laundry work to and from laundries situated in said city of Venice, and imposes a tax of only $12 per annum on laundries located within said city; that there is nothing in the nature of vehicles delivering laundry to and from laundries outside of the city limits of Venice to require any further regulation than is required of laundry wagons operated to and from laundries inside of said city, or to require or justify a discrimination in the amount of license collected therefrom; that the charge of $120 per annum is discriminatory against him and other owners and operators of vehicles for the delivery of laundry outside of the city of Venice, and in direct violation of the fourteenth amendment to the constitution of the United States, in that it denies to petitioner and other such persons the equal protection of the law and abridges their privileges and immunities; and especially, he claims, that such ordinances are in violation of sections 13 and 21 of article I of the constitution of the state of California. Said section 21 is as follows: ''No special privileges or immunities shall ever be granted which may not be altered, revoked, or repealed by the legislature; nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.''

We are of the opinion that the provisions of the ordinances under which petitioner has been convicted attempt to create and enforce a discrimination not based upon differences in the nature of the business being transacted or differences in the manner of conducting the same business, or any other difference other than the mere fact of difference in destination of the goods collected and delivered by wagons collecting for laundries located outside of the city and the destination of goods collected for delivery to laundries within the city. The license provisions in question are plainly devised as a protective tariff for the benefit of laundries located in the city of Venice or laundry wagons doing business with laundries located in the city of Venice, and apparently they have no other purpose. The case is similar in principle to that of *Ex parte Frank*, 52 Cal. 606, [28 Am. Rep. 642]. The ordinance under consideration in that case provided that any person who, in San Francisco, should sell property of sundry kinds defined by the ordinance without at the time having the goods in San Francisco or a bill of lading or receipt of a common carrier showing on its face that the goods named therein had been shipped and

were then *in transitu* to San Francisco, should pay licenses in certain stated amounts. The same ordinance provided another set of license fees, much less in amount, payable by persons selling the same kinds of merchandise within the city and having their goods actually within the city or *in transitu* under bill of lading. It was held that the ordinance was inoperative and void; that it was flagrantly unjust, oppressive, unequal, and partial; that it discriminated between merchants in the same place dealing in the same kind of merchandise for no better reason than that one dealt in goods either actually in the corporate limits or *in transitu* under a bill of lading, while the other dealt in goods outside of the corporate limits and not *in transitu* under a bill of lading. The same observations apply to the present instance, and it is our opinion that the provisions of the Venice ordinances to which we have referred are likewise inoperative and void.

The petitioner is discharged from custody.

James, J., and Shaw, J., concurred.