[Crim. No. 591.  Second Appellate District.—March 29, 1918.]

In the Matter of the Application of GEORGE HART for a
Writ of Habeas Corpus.

MUNICIPAL CORPORATIONS — BUSINESS LICENSE ORDINANCE — ESTAB-
LISHMENTS OUTSIDE CITY LIMITS—DISCRIMINATORY REGULATION.—
A city ordinance requiring the payment of a license fee of twelve
dollars per annum by every person selling or contracting to sell
merchandise, whose establishment is within the boundaries of the
city, and the payment of a license fee of sixty dollars per annum
by every person selling or contracting to sell merchandise, whose
establishment is outside of the city limits, is discriminatory and
void, as an attempted protective tariff for the benefit of businesses
located in the city.

APPLICATION for a Writ of Habeas Corpus originally
made to the District Court of Appeal for the Second Appel-
late District.

The facts are stated in the opinion of the court.

Hutton, Fogel & Coffin, for Petitioner.

Charles W. Lyon, City Attorney, and Fredericks & Hanna,
for Respondent.

WORKS, J., *pro tem.*—The petitioner operates a mercan-
tile business at an establishment within the city of Santa
Monica and sells his commodities in the contiguous city of
Venice, sales and deliveries being made by him after the
manner which is employed by dealers in articles of the same
character, which dealers have their places of business located
within the limits of Venice.  An ordinance of the last-named
city provides for the licensing of certain businesses and con-
tains a section to the following effect: "For every person . . .
selling or contracting to sell articles" of various kinds, in-
cluding the commodities dealt in by the petitioner, "to per-
sons not regularly engaged in carrying on such lines of busi-
ness, whether by sample or otherwise, . . . not otherwise
provided for herein, $60.00 per annum; provided that this
shall not apply to persons having regularly licensed places
of business, in the city of Venice, taking orders for or sell-

ing, goods handled by them in their respective business."
The petitioner was arrested and is imprisoned for making
sales within Venice, without having taken out the license re-
quired by the section, it being conceded that his case is "not
otherwise provided for" in the ordinance. It appears that
persons whose places of business are within the boundaries
of Venice and who conduct establishments similar to that of
the petitioner, pay a license fee of only twelve dollars per
annum under the ordinance.

The petitioner contends that the ordinance unjustly dis-
criminates against him, in that it requires from him a license
fee of sixty dollars per year, while it exacts but twelve
dollars per year from others similarly situated, except that
his place of business is without, while theirs are within, the
city of Venice. He points to section 21 of article I of the con-
stitution of California, providing that no "citizen, or class
of citizens," shall "be granted privileges or immunities
which, upon the same terms, shall not be granted to all citi-
zens"; and to the fourteenth amendment to the constitution
of the United States, section 1, to the effect that "No state
shall make or enforce any law which shall abridge the priv-
ileges or immunities of citizens of the United States; nor
shall any state deprive any person of life, liberty or property,
without due process of law, nor deny to any person within
its jurisdiction the equal protection of the laws."

Questions similar to the one now propounded to us have
been before the courts of this state several times. The re-
spondent claims that the ordinance now in question, so far
as the provisions quoted from it are concerned, is constitu-
tional under the decision in *Ex parte Haskell*, 112 Cal. 412,
[32 L. R. A. 527, 44 Pac. 725]. The ordinance involved in
that case was an ordinance of the city of Chico and the per-
son imprisoned pursuant to its terms was a traveling sales-
man for a concern in Oakland. It was insisted that he could
be required, constitutionally, to pay a higher license than
that exacted from merchants selling from a fixed place of
business within the municipality. The supreme court upheld
this view in the following language: "The very power to
license for purposes of regulation and revenue involves the
right to make distinctions between different trades and be-
tween essentially different methods of conducting the same
general character of business or trade. And that is all that

is done here. While it may be true, as suggested by petitioner, that Haskell is, in a sense, a merchant equally with those having a fixed place of business, it is nevertheless true that the manner in which he conducts and carries on his business is so distinct from that of the merchant of the latter class as to make it essentially a different business.''

The petitioner relies upon the *Matter of Hines*, 33 Cal. App. 45, [164 Pac. 339]. In that case one who operated and maintained a laundry wagon was under imprisonment for a failure to take out a license under an ordinance of the city of Venice. He delivered laundry work in Venice from an establishment outside the corporate limits of the city, in the same manner that laundry work was delivered to the people of the city from laundries within its limits. A greater license fee was sought to be required from him for operating and maintaining his wagon than from those conducting laundry businesses within the city, for the conduct of such businesses. In the opinion in the case we said: ''We are of the opinion that the provisions of the ordinances under which petitioner has been convicted attempt to create and enforce a discrimination not based upon differences in the nature of the business being transacted or differences in the manner of conducting the same business, or any other difference other than the mere fact of difference in destination of the goods collected and delivered by wagons collecting for laundries located outside of the city and the destination of goods collected for delivery to laundries within the city. The license provisions in question are plainly devised as a protective tariff for the benefit of laundries located in the city of Venice or laundry wagons doing business with laundries located in the city of Venice, and apparently they have no other purpose.'' We then declared the assailed provisions of the ordinance to be void. We are convinced that the provisions which are attacked, of the ordinance now before us, are also ''devised as a protective tariff for the benefit'' of businesses located in the city of Venice and that ''apparently they have no other purpose.'' Ordinance provisions having their origin in such a purpose cannot stand. This proceeding is ruled by the *Matter of Hines* and not by *Ex parte Haskell*.

The petitioner is discharged from custody.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 9, 1918. (See *In re Zany*, 164 Cal. 724, [130 Pac. 710].)