[Crim. No 823.  First Appellate District, Division One.—December 4, 1918.]

In the Matter of the Application of A. W. RILEY, for Writ of Habeas Corpus.

MUNICIPAL CORPORATIONS—TOWN ORDINANCE—BUSINESSES WITHIN AND WITHOUT TOWN LIMITS—DISCRIMINATORY REGULATION.—A town ordinance which discriminates unreasonably between cleaning and dyeing businesses conducted without the town limits and soliciting business therein and the same kind of an establishment with a fixed place of business within the limits of the town is illegal and void.

APPLICATION for a Writ of Habeas Corpus. Petitioner discharged.

The facts are stated in the opinion of the court.

A. Kinkaid, Heller, Powers & Ehrman and Jerome B. White for Petitioner.

Albert Mansfield, City Attorney, for Respondent.

BEASLY, J., *pro tem.*—The petitioner, Riley, was arrested upon a complaint made in the recorder's court of the town of Redwood, San Mateo County, in which he was charged with a misdemeanor, to wit, the violation of ordinance No. 195 of said town.  He seeks his discharge on *habeas corpus.*

Riley conducted a cleaning and dyeing business situated outside of the town of Redwood, for which establishment he collected and delivered dyeing and cleaning work within the corporate limits of said town.  Petitioner claims that the ordinance under which he is being prosecuted is illegal and void because it discriminates unreasonably between cleaning and dyeing businesses conducted without the city limits and soliciting business therein and the same kind of an establishment with a fixed place of business within the limits of the town, and that the discrimination is solely based upon the location of the business.

The respondent does not seem to dispute the statement that the ordinance does so discriminate between businesses so conducted within and without the town.  If this be true, the petitioner is entitled to his discharge under the authority of the

case *In re Hines*, 33 Cal. App. 45, [164 Pac. 339], in which it is held that such an ordinance is discriminatory and void as an attempt to create and enforce a discrimination not based upon differences in the nature of the business being transacted, or differences in the manner of conducting the same business, or any other difference other than the mere fact of difference in destination of the goods collected and delivered by wagons collecting for laundries located outside of the city and the destination of goods collected for delivery to laundries within the city.

The principle applicable to this case is exactly that stated in the Hines case. The respondent undertakes to avoid the effect of that decision by appealing to *Ex parte Haskell*, 112 Cal. 412, [32 L. R. A. 527, 44 Pac. 725], but the very language of *Ex parte Haskell* distinguishes it from the case *In re Hines*, *supra*, for while it is there said that the power to license for purposes of regulation and revenue involves the right to discriminate between different trades, and between essentially different methods of conducting the same general character of business or trade, it is further said "that there is no unlawful discrimination in requiring a special license fee for traveling salesmen, where there is no discrimination in favor of residents or against nonresidents of the municipality."

In the last clause of the sentence quoted, a distinction is made between the two classes of cases which is perfectly clear.

It follows that the ordinance attacked is invalid and that the petitioner should be discharged from the custody of the town marshal from whom he was taken, and it is so ordered.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.