COMMONWEALTH *vs.* ROLAND G. BERGERON.

Bristol.    October 26, 1936. — November 30, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Hawkers and Pedlers.*

One, who in various parts of a city made sales and simultaneous deliveries of fuel oil from his vehicle to customers who previously had agreed to purchase their oil requirements from him, was a "hawker and pedler" within G. L. (Ter. Ed.) c. 101, § 13.

COMPLAINT, received and sworn to in the Third District Court of Bristol on April 3, 1936.

On appeal to the Superior Court, the defendant waived trial by jury, and the complaint was heard on an agreed statement of facts by *Hobson*, J., a judge of a district court sitting in the Superior Court under statutory provisions. The defendant was found guilty and the case was reported

to this court in accordance with the stipulations stated in the opinion.

*G. Helford,* for the defendant.

*E. J. Harrington,* Assistant District Attorney, for the Commonwealth.

CROSBY, J.   This complaint charged that the defendant, on March 28, 1936, "did unlawfully go from place to place in the city of New Bedford selling or bartering or carrying for sale or barter or exposing for sale or barter certain goods, wares and merchandise, he, the said Roland G. Bergeron, not having then and there any license, authority or appointment according to law to pursue the business of hawking and peddling." The trial judge in the District Court found the defendant guilty and sentenced him to pay a fine of $10. On appeal to the Superior Court the defendant filed a waiver of trial by jury. The case was heard by a judge of a district court, sitting in the Superior Court, under St. 1923, c. 469, as last amended by St. 1935, c. 377, upon the following agreed statement of facts: "The defendant is engaged in the business of selling fuel and range oil in the city of New Bedford; carrying said oil in a vehicle; calling on householders who live in various parts of the city of New Bedford; that said householders have previously agreed with the said defendant that they will purchase their oil requirements from him, and at the time of the call the defendant ascertains the quantity of oil desired, which is then and there delivered, and payment therefor is then made or a bill is subsequently rendered." After this statement was read, counsel for the defendant presented a motion requesting the judge "to direct a verdict" for the defendant. This motion was denied, and the defendant was found guilty. He excepted to the denial of the motion. At the request of both parties the case was reported to this court with the stipulation that "if the verdict of guilty is warranted by law, the defendant shall stand convicted; if the verdict of guilty is not warranted by law, it shall be set aside and the defendant discharged."

G. L. (Ter. Ed.) c. 101, § 13, provides: "Except as hereinafter expressly provided, the terms 'hawker' and 'pedler'

as used in this chapter shall mean and include any person, either principal or agent, who goes from town to town or from place to place in the same town selling or bartering, or carrying for sale or barter or exposing therefor, any goods, wares or merchandise, either on foot, on or from any animal or vehicle." This definition of a hawker and pedler has been substantially embodied in the statutes of the Commonwealth for more than a century. The first decision of this court dealing with said statute is *Commonwealth* v. *Ober*, 12 Cush. 493. In that case it was said by Chief Justice Shaw at page 495, that "The leading primary idea of a hawker and pedler is, that of an itinerant or travelling trader, who carries goods about, in order to sell them, and who actually sells them to purchasers, in contradistinction to a trader who has goods for sale and sells them in a fixed place of business." See also *Commonwealth* v. *Reid*, 175 Mass. 325; *Commonwealth* v. *Anderson*, 272 Mass. 100, 105. The circumstances that householders, living in various parts of the city of New Bedford, had previously agreed with the defendant that they would purchase oil from him, that at the time of calling upon a purchaser the defendant ascertained the quantity of oil which the purchaser desired and then and there delivered it and that he then received payment or subsequently rendered a bill, does not exempt the defendant from liability under the statute. The case of *Commonwealth* v. *Farnum*, 114 Mass. 267, cited by the defendant, is not contrary to what is here decided. In that case the defendant was charged with a violation of Gen. Sts. c. 50, § 27, which provided that "Whoever goes from town to town, or from place to place, or from dwelling-house to dwelling-house, carrying for sale or exposing to sale any goods, wares or merchandise . . . shall forfeit a sum not exceeding two hundred dollars for each offence." It was there held not to be a violation of § 27 for the agent of a sewing machine company to go from place to place exhibiting a sample machine, soliciting orders to be filled by the company, and delivering the machines upon contracts of conditional sale; that the defendant "did not carry and expose goods for sale within

the meaning of the statute, and his acts did not come within the mischief the statute is intended to prevent." (Page 271.)

As the finding of guilty was warranted, in accordance with the stipulation the entry must be

*Defendant to stand convicted.*