[S. F. No. 15974.　Department Two.—January 31, 1941.]

OSCAR E. SIVERTSEN, Appellant, v. CITY OF MENLO PARK et al., Respondents.

Rodgers & Costello for Appellant.

James T. O'Keefe, Jr., City Attorney, for Respondents.

CURTIS, J.—This is an appeal from a judgment of dismissal after the sustaining of a demurrer to plaintiff's complaint, without leave to amend.

It is alleged in the complaint that plaintiff was a painting contractor, duly licensed by the State of California, with his

principal place of business in the city of Palo Alto; that he had contracted to do certain painting in the City of Menlo Park; and that while performing such work he was threatened with arrest by defendant Carroll, as Chief of Police of Menlo Park, for nonpayment of a license fee as provided by City Ordinance No. 76. The pertinent part of the ordinance referred to provides that painting contractors having a fixed place of business in the City of Menlo Park shall pay an annual license fee of $10, and further that ''Where such person has no fixed place of business in said city such fee shall be increased by 100% .'' It is also provided that any person violating any of the provisions of the ordinance is guilty of a misdemeanor and subject to fine or imprisonment in the county jail and that each day of violation would be considered a separate offense.

The plaintiff, having no fixed place of business in Menlo Park, fell within the above quoted provision and, not having paid the required fee, was liable under the penal provision.

The complaint further alleged that, as a result of threats of arrest or actual arrest under the ordinance, the plaintiff would suffer great loss and irreparable injury and asked that defendants be enjoined and restrained from enforcing that part of the ordinance referred to and that the said ordinance be declared unconstitutional as in violation of the Fourteenth Amendment of the federal Constitution and sections 13 and 21 of article I of the Constitution of California in that it denied to the plaintiff equal protection of the laws, and granted privileges to one class of citizens which are not accorded to all citizens similarly situated.

It cannot be denied that the ordinance discriminates against those painting contractors who have no fixed places of business within the city of Menlo Park. The question, therefore, is whether such discrimination violates the equal protection clause of the federal Constitution and the privilege and immunities provision of the state Constitution.

■ It is not denied by the appellant and it is well established by the authorities that there may be discrimination between businesses of the same character located within and those located without the boundaries of a municipality in regard to license fees. (*Bueneman* v. *City of Santa Barbara*, 8 Cal. (2d) 405 [65 Pac. (2d) 884, 109 A. L. R. 895]; *Ex parte Haskell*, 112 Cal. 412 [44 Pac. 725, 32 A. L. R. 527]; *Con-*

*tinental Baking Co.* v. *City of Escondido,* 21 Cal. App. (2d) 388 [60 Pac. (2d) 181]; *E. A. Hoffman Candy Co.* v. *City of Newport Beach,* 120 Cal. App. 525 [8 Pac. (2d) 235]; *Singer Sewing Machine Co.* v. *Brickell,* 233 U. S. 304 [34 Sup. Ct. 493, 58 L. Ed. 974]; *Campbell Baking Co.* v. *City of Marysville,* 31 Fed. (2d) 466; *Richmond Linen S. Co.* v. *Lynchburg,* 160 Va. 644 [169 S. E. 554].) However, it is equally well established that if discriminatory legislation is arbitrary, unreasonable and passed for the sole purpose of creating a protective tariff for the benefit of business located in the particular municipality, it is unlawful and violative of the constitutional provisions above mentioned. (*Bueneman* v. *City of Santa Barbara, supra; Ex parte Frank,* 52 Cal. 606 [28 Am. Rep. 642]; *In re Hines,* 33 Cal. App. 45 [164 Pac. 339]; *In re Hart,* 36 Cal. App. 627 [172 Pac. 610]; *In re Riley,* 39 Cal. App. 58 [177 Pac. 854]; *In re Robinson,* 68 Cal. App. 744 [230 Pac. 175]; *Campbell Baking Co.* v. *City of Marysville, supra.*) These principles are well stated in the case of *Continental Baking Co.* v. *City of Escondido, supra,* wherein the following appears: " . . . the rule in this state must now be taken to be settled that for the purpose of fixing and imposing license taxes, merchants having fixed places of business within a city and other merchants may be separately classified and license taxes in different amounts may be laid upon those in the two classifications, so long as a tax is actually imposed upon both classes, and provided that the tax on one class is not so disproportionately heavy as to demonstrate that the classification is 'a mere subterfuge for legislation directed against a particular group of taxpayers.' " The rule and the test to be applied are also well stated in the case of *Campbell Baking Co.* v. *City of Marysville, supra,* in the following language: "A city, having the power to impose license taxes on, for example, bakers, undoubtedly may classify them, if the classification has some reasonable basis. To put those having a regularly established place of business in one class, and those having no such regularly established place of business in another, is not *ipso facto* an unreasonable classification. (Citing case.) Such a classification, even with substantial differences in taxes, is not unconstitutional. Where, however, it appears from gross disparities, from extraordinarily large extractions (as compared with others), and from all the facts, that the real intent and purpose is, not to raise revenue, but to destroy the

business of nonresidents, in the interests of resident dealers and business men, when that appears, then nonresidents are denied that equal protection of the laws which the Constitution guarantees to all."

Applying the above rules to the ordinance here under consideration and keeping in mind the well established principle that in considering the validity of such an ordinance, we must indulge every intendment in favor of its validity and that all doubts must be resolved in a way to uphold the law-making power (*Ex parte Haskell, supra*), we are of the opinion that the ordinance does not run counter to any of the constitutional inhibitions. It cannot be said that the requirement of a 100 per cent increase in the license fee for a painting contractor who has no fixed place of business in Menlo Park is an unreasonable or arbitrary discrimination or is an attempt to destroy out of town business. The annual license fee paid by local contractors is $10. A 100 per cent increase of that sum, or $20, required from out of town contractors surely is not such an exorbitant sum, the payment of which would drive such contractors out of business or prevent them from seeking business within the city.

There can be no hard and fast rule or test set down which will determine the legality or illegality of an ordinance such as the one before us. The question is simply one of degree. A brief reference to some of the cases holding ordinances unconstitutional because of illegal discrimination will illustrate that, as a matter of degree, the instant ordinance cannot be classified with that group. The ordinance declared unconstitutional in the early case of *Ex parte Frank, supra,* required a merchant whose goods were located within the city to pay a quarterly license fee of $100, whereas a merchant whose goods were located without the city was required to pay a quarterly license fee of $2,000, or twenty times as great. In *In re Hines, supra,* the ordinances fixed a flat fee of $12 per annum for the operation of local laundries and a $130 fee for every wagon used for pickup or delivery by an outside laundry, or at least eleven times as great. The statute invalidated in *In re Robinson, supra,* imposed a license fee of $200 per quarter upon a solicitor if he drew his supplies and filled his orders from a business house located outside the city but if located within, then no license fee was required.

Appellant strongly relies on the case of *Bueneman* v. *City of Santa Barbara, supra.* Reference to the ordinance there

involved shows clearly why it was placed in that class of ordinances previously declared to be unconstitutional. The ordinance there provided that laundry or dry cleaning businesses whose establishments were located outside the city were to pay an annual license fee of $200 for soliciting or delivering within the city. No tax was imposed upon a person conducting a similar business whose establishment was located within the city. An ordinance completely exempting local businesses and impressing a $200 fee on outside businesses is far different from the ordinance here under consideration, which provides for a $10 fee from local contractors and a $20 fee from outside contractors.

The disparity here is not even so great as that in the ordinance reviewed in the case of *Continental Baking Co.* v. *City of Escondido, supra,* which was determined to be not arbitrary or unreasonable. The ordinance there required a $50 annual license fee from every person, firm or corporation owning, operating and conducting a bakery within the city and a $150 license fee and $25 semi-annually for every vehicle over one used in the business, from all operating from without the city. The appellant attempts to distinguish this case on the ground that the statute expressly stated that the local businesses, to pay only the lower fee, were to be on the tax rolls of the city and that no such requirement is made in the instant ordinance. This cannot be said to be a distinction because all property within a city, with certain exceptions not relevant here, is taxable and any such provision may be considered mere surplusage. It is true that the court referred to the provision but such reference was made only as further evidence in support of its conclusion that the taxing authorities were not using the increased license fee as a subterfuge for oppression, but only as an attempt to balance the tax burden.

Appellant further relies on a statement in the case of *E. A. Hoffman & Co.* v. *City of Newport Beach, supra,* to the effect that a municipality is without any power to classify persons engaged in precisely the same business or to place a license fee on some and not others, or to impose a charge not operating uniformly upon all engaged in precisely the same business. If, by such statement, the court there meant that no discrimination under any circumstances was permissible, then we cannot agree with such statement. However, a review and analysis of the facts and conclusions of that case clearly show that the court did not intend to lay down any such principle. The

ordinance there made three different classifications, viz., (1) local merchants paying a flat license fee of $10 for operation of business; (2) out of town merchants who delivered by motor vehicles within the city paying a $10 license fee on every vehicle; and (3) out of town merchants who delivered by common carrier apparently paying no license fee. The court concluded that such ordinance was valid, even though there clearly was classification. Therefore, it cannot be said that the court in its opinion established or approved of a rule of no discrimination. Furthermore, the court there cites as authority for the statement made the line of cases beginning with *Ex parte Frank, supra,* which cases, as we have already pointed out, declared the ordinances involved unconstitutional because they were unreasonable.

It being well established that there may be discrimination or classification in this type of legislation, it is not incumbent upon an appellate court, in determining the constitutionality of a license fee ordinance, to do more than inquire into the reasonableness of such legislation. Each locality has its own individual tax problems and there can never be an absolute equality of taxation. Because of the familiarity of the local legislative bodies with such local problems, their ultimate decisions as expressed by the taxing ordinances should not be easily disturbed. It is the duty of this court only to guard against attempts on the part of such local authorities to create a tariff barrier in favor of local businesses. If such attempt is shown by gross disparities, extraordinarily large exactions, or from other surrounding circumstances then, and only then, will such an ordinance be declared unconstitutional. We do not find such elements present in the ordinance here being considered. We are therefore of the opinion that the ordinance does not violate the Fourteenth Amendment of the federal Constitution or sections 13 and 21 of Article I of the state Constitution.

The action of the trial court in dismissing the action after sustaining the demurrer to the complaint, without leave to amend, was, in our opinion, proper.

The judgment is affirmed.

Houser, J., and Traynor, J., concurred.