[S. F. No. 16228. In Bank.—June 18, 1941.]

R. A. HANSEN, Appellant, v. TOWN OF ANTIOCH (a Municipal Corporation) et al., Respondents.

Henderson & Henderson and J. W. Henderson for Appellant.

John Sutton for Respondents.

SHENK, J.—The plaintiff appealed from a judgment sustaining the defendant's demurrer to the second amended complaint and denying leave to amend.

The complaint shows the following:

The plaintiff is a dealer in fuel oil burners and fuel oil and has his principal places of business in the cities of Livermore, Alameda County, and Martinez, Contra Costa County. He has no fixed or regular place of business in the town of Antioch, but has regular customers in that town whom he agrees to keep supplied with fuel oil. The usual method of supplying fuel to Antioch customers is to check the quantity in their reservoirs and to deliver oil to their supply tanks from the plaintiff's fuel stores maintained at Livermore or Martinez.

Under section 13 of Ordinance No. 17A of the town of Antioch, as amended, every person who sells merchandise at a fixed place of business is required to pay an annual license tax based on average monthly sales. By subsection 2 of section 14 of the ordinance, it is provided that every person who conducts the business of peddling or "who from place to place offers to or does sell, barter or exchange any goods, wares or merchandise then in his possession in said Town of Antioch" shall pay an annual license tax of $100. The section also provides that "every person who, not having within said town a fixed place of business . . . , travels from place to place and offers to sell, barter or exchange anything then in his possession in said town . . . shall be deemed a peddler within the meaning of the ordinance." In 1936, on the demand of the municipal authorities for the payment of the license tax pursuant to said section 14, the plaintiff paid the tax under protest, claiming that he was chargeable only with the amount required by section 13 which, in his case, would be the sum of $20. By this action the plaintiff sought the return of the license taxes paid under protest and to have the defendants restrained from enforcing as to him the provisions of said section 14.

It is contended by the plaintiff that he is not a peddler within the meaning of the ordinance and that the provisions thereof make an unreasonable discrimination between him and merchants in said town of Antioch who conduct an identical business in a similar manner.

Persons conducting sales of fuel oil in the manner adopted by the plaintiff have been held to be peddlers. (*Commonwealth* v. *Bergeron*, 296 Mass. 60, 61 [5 N. E. (2d) 31].) But we deem it immaterial what designation is applied by the City Council of Antioch to the plaintiff and others who sell merchandise in that town without maintaining any fixed and regular place of business therein. It is the law in this state that for license tax purposes a city may lawfully classify merchants having a fixed place of business in the town and those who sell their goods in the town without maintaining such fixed place of business; that the city may impose on the latter a higher license tax, so long as all bear some proportion of the tax burden and it does not appear that the rate imposed on one class is unreasonable, or that it was exacted solely as a tariff or penalty to protect local merchants from the competition of those conducting their business from other

localities. (*Sivertsen* v. *City of Menlo Park,* 17 Cal. (2d) 197 [109 Pac. (2d) 928]; *Bueneman* v. *City of Santa Barbara,* 8 Cal. (2d) 405 [65 Pac. (2d) 884, 109 A. L. R. 895]; *Town of St. Helena* v. *Butterworth,* 198 Cal. 230 [244 Pac. 357]; *Ex parte Haskell,* 112 Cal. 412 [44 Pac. 725, 32 L. R. A. 527]; *Continental Baking Co.* v. *City of Escondido,* 21 Cal. App. (2d) 388 [69 Pac. (2d) 181]; *E. A. Hoffman Candy Co.* v. *City of Newport Beach,* 120 Cal. App. 525 [8 Pac. (2d) 235].) The rule approved in *Sivertsen* v. *Menlo Park, supra,* was stated as follows: ''The rule in this state must now be taken to be settled that for the purpose of fixing and imposing license taxes, merchants having fixed places of business within a city and other merchants may be separately classified and license taxes in different amounts may be laid upon those in the two classifications, so long as a tax is actually imposed upon both classes, and provided that the tax on one class is not so disproportionately heavy as to demonstrate that the classification is 'a mere subterfuge for legislation directed against a particular group of taxpayers.' '' The conclusion in that and other cases is that the classification is not violative of any constitutional right so long as there is a reasonable basis to support it. The cases relied upon by the plaintiff, followed in *Bueneman* v. *City of Santa Barbara, supra,* are distinguished in *Sivertsen* v. *City of Menlo Park, supra,* because it appeared in each of those cases that the tax involved was arbitrary and unreasonable, and exacted solely for the purpose of protecting local merchants from the competition of businesses conducted outside the city limits.

The plaintiff contends that his complaint shows that he conducts his business in the same manner as do the local merchants selling similar merchandise and that he should therefore be classed with them for the purposes of the license tax. But the manner of doing business as alleged by the plaintiff is not the sole basis for the classification. The classification is between the merchants who maintain a fixed and regular place of business in the town and thereby contribute to the tax burden in other ways, and the merchants who do not maintain a fixed place of business in the town. Under the authorities above cited, the latter may be classified and taxed at a higher rate.

The rate of the license tax imposed on merchants having no fixed or regular place of business in the Town of

114

Antioch does not appear to be so unreasonable or excessive as compared with the rate imposed on the merchants who maintain regular places of business therein as to be constitutionally objectionable.

The judgment is affirmed.

Curtis, J., Traynor, J., Gibson, C. J., Edmonds, J., and Carter, J., concurred.

Appellant's petition for a rehearing was denied July 17, 1941.