[Civ. No. 2672.   Fourth Dist.   Apr. 13, 1942.]

ELIZABETH VAN GAMMEREN, as Administratrix, etc., et al., Respondents, v. CITY OF FRESNO (a Municipal Corporation) et al., Appellants.

C. M. Ozias, City Attorney, for Appellants.

Frederick W. Docker for Respondents.

MARKS, J.—This is an appeal from a judgment enjoining appellants from interfering with respondents in their delivery of Grade A pasteurized milk within the limits of the city of Fresno.

Fresno is a chartered city. The individual appellants are the members of its board of health, its city health officer, and the city veterinarian and chief milk inspector.

In 1922, the city of Fresno adopted an ordinance regulating the sale of milk within its limits. Subsection four of section nine provided in part as follows:

"It shall be and is hereby declared unlawful for any person in said City: . . . to sell or deliver any milk or cream for drinking purposes within said City that has been pasteurized, unless it has been pasteurized within the City and under the inspection herein required."

While the ordinance has been variously amended, this subsection has remained substantially unchanged.

Respondents are processors and deliverers of milk for human consumption. They each operate a pasteurizing plant outside the limits of the city of Fresno. The distance of the farthest plant from the city limits is four miles. The closest was about one mile from those limits when this action was

instituted, and only about three blocks distant after the annexation of certain territory to the city of Fresno. This annexation took place after this case was started.

In 1940, the proceedings to annex the Sierra Vista Addition to the city were had. After the annexation election, but before those proceedings became final, D. F. Coyner, as chief milk inspector of the city of Fresno, notified respondents that as soon as the annexation proceedings became final they would be required to discontinue delivery of milk to their customers within the annexed district for the sole reason that their pasteurization plants were not within the city limits. Respondents promptly brought this action to enjoin appellants from enforcing this order.

After the complaint was filed another district in which respondents had customers was annexed to the city of Fresno and a supplemental complaint was filed seeking the same relief as to this territory.

The city of Fresno has an approved milk inspection service. The county of Fresno, outside of its municipalities, also has an approved milk inspection service. By a contract between the city and county it was provided that the milk inspection service of the city of Fresno should act as the inspection service of the county. The inspection services were approved by the State Department of Agriculture. D. F. Coyner and his deputies made the milk inspections in the city of Fresno and D. F. Coyner himself made the inspections in the county territory. He regularly inspected respondents' dairies and each of them received scores of eighty points or higher. There were five pasteurization plants within the city of Fresno which were inspected by Coyner or his deputies. Some of their scores were higher and some were lower than the scores of respondents' dairies.

It was alleged in the complaint, and found to be true, that the milk produced and sold by respondents met all of the requirements of the laws of the state and Fresno ordinances except as to the provisions of the latter requiring pasteurization to be done within the city limits. As there is substantial evidence supporting this finding, it is final here.

It is clear from the reading of the complaint that respondents' only purpose in the action was to enjoin appellants from preventing them from delivering their milk in Fresno for the sole reason that their pasteurization plants were out-

side the limits of Fresno, while at the same time permitting the delivery and sale of milk of equal or less grade from plants within the city limits. This view was confirmed by their counsel during the oral arguments. We therefore conclude that the sole question presented here is the validity of the quoted subsection of the Fresno ordinance and that we are not concerned with the sale and delivery of milk within the city of Fresno which falls below the quality, grade and purity specified in its ordinances.

Appellants rely principally upon the case of *Witt* v. *Klimm,* 97 Cal. App. 131 [274 Pac. 1039], as supporting their argument that Fresno cannot be put to the expense of inspecting pasteurization plants outside of its city limits as some of them might be many miles away and the expense could become very burdensome. In the Witt case, the ordinance involved, provided that milk brought from another inspection district must be pasteurized in San Francisco if it were to be sold in that city as pasteurized milk.

In a later case, *LaFranchi* v. *City of Santa Rosa,* 8 Cal. (2d) 331 [65 P. (2d) 1301, 110 A. L. R. 639], the facts are practically identical with the facts of the instant case. The Supreme Court distinguished *Witt* v. *Klimm, supra,* from that case and held that decision not applicable to the facts there presented. In concluding that the portion of the Santa Rosa ordinance, in every respect similar to the portion of the Fresno ordinance in question here, was discriminatory, unreasonable and void, the Supreme Court said:

''A late case along the same general lines is that of *Sheffield Farms Co.* v. *Seaman,* 114 N. J. L. 455 [177 Atl. 372], decided in February, 1935. The board of health refused a permit because of a limited budget which prevented the making of inspections at distant places and also because their city had a sufficient supply. The court there said: 'It will serve no useful purpose to answer or further discuss the purported reason argued upon which the refusal is sought to be justified. Suffice it to say that the meager facts, relevant as to the occasion and history of the refusal, lead us to the conclusion that they are without substance. They are excuses rather than legal reasons. The city just took the position that it had enough milk dealers and that it had the situation ''well in hand.'' Such a position is unreasonable, it is arbitrary, capricious and discriminatory. It unlawfully curtails prosecutor's common law right to engage in lawful business, not-

withstanding that it has fully complied with the requirements of the state and city. This the city cannot lawfully do.'

"Again in *Grant* v. *Leavall*, 259 Ky. 267 [82 S. W. (2d) 283], decided in May, 1935, that part of an ordinance was declared invalid which required such plants to be located within the city. In other words, it has been held quite generally that the city limits as the boundary line outside of which plants may not be located if the milk is to be sold within the city do not have a reasonable relationship to a proper legislative object and therefore ordinances fixing such a boundary are invalid.

"In line with the authorities from other jurisdictions from which we have quoted are those from our own courts declaring that ordinances designed for the purpose of erecting tariff barriers are void, such as *Ex parte Frank*, 52 Cal. 606 [28 Am. Rep. 642]; *In re Hines*, 33 Cal. App. 45 [164 Pac. 339]; *In re Hart*, 36 Cal. App. 627 [172 Pac. 610]; *In re Riley*, 39 Cal. App. 58 [177 Pac. 854], and *In re Robinson*, 68 Cal. App. 744 [230 Pac. 175]."

For the same reason we must hold that the provisions of the subsection four of section nine of the Fresno ordinance which we have quoted is void and of no effect.

Appellants urge that as the Fresno ordinance gave respondents the right to apply for a permit to sell and deliver their milk in Fresno, and the right of appeal to city authorities if their applications were denied, and as they failed to do this and thus exhaust the remedies provided by the ordinance, their action was premature and the judgment should be reversed. They cite numerous well considered authorities supporting the general principles upon which this argument is based, but we do not consider those authorities applicable to the facts here.

Respondents had been notified by a responsible officer of the city of Fresno that they must stop selling milk to their customers as soon as those customers became residents of the city of Fresno, for the sole reason of the location of respondents' plants outside the city limits and the provisions of the ordinance. The city officers had been enforcing those provisions and expressed the intention of continuing to do so. The ordinance was prohibitory and prevented the issuance of permits to respondents. As appellants had been enforcing its terms, expressed the intention of enforcing them against re-

spondents and were bound by them, if they were constitutional, the trial court was not required to assume that appellants would violate them before they were held void by court order. When confronted by that ordinance which controlled the action of the city officials it is apparent that applications for permits, and appeals from adverse decisions, would have been useless acts. The law does not require useless acts from litigants as prerequisites to seeking relief from the courts.

Appellants further urge that the judgment goes farther than merely enjoining the enforcement of subsection four of section nine of the ordinance. After enjoining the enforcement of that subsection the judgment proceeds as follows:

"... or from in any manner hindering, delaying, interfering with, restricting or preventing plaintiffs or any of them, their agents, servants or employees, from carrying on their respective businesses, and the sale, distribution and delivery of pasteurized Grade A milk to customers of the respective plaintiffs in the City of Fresno, State of California."

Appellants argue that should respondents' milk fall below the quality, purity or grade required by the city of Fresno, the quoted portion of the judgment would prevent the city officials from stopping its sale in Fresno. We are inclined to agree with this argument. The quoted portion of the judgment goes beyond the purpose of respondents in bringing their action as expressed in their pleadings and by their counsel. However, this does not necessitate a reversal of the judgment as it is divisible and the quoted portion may be stricken therefrom, leaving the remaining portion intact.

The judgment is modified by striking the quoted portion therefrom and as so modified is affirmed. Neither party will recover costs of appeal.

Barnard, P. J., and Griffin, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 11, 1942.