Emilio Ghinaglia, demandante y apelado, *v.* Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelante.

No. 5897. *Sometido:* Marzo 9, 1933. *Resuelto:* Abril 20, 1933.

*Hon. Procurador General Charles E. Winter* y *R. Cordovés Arana, Subprocurador,* abogados del apelante; *Leopoldo Feliú,* abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Allá por el día 14 de agosto de 1930, Emilio Ghinaglia importó en esta isla, por la ciudad de San Juan, procedente de Venezuela, una partida de 12,622 libras de suela. Una vez desembarcada dicha mercancía el Departamento de Hacienda de Puerto Rico embargó la misma, alegando que tal mercancía estaba sujeta a un impuesto de ocho centavos por cada libra de acuerdo con el inciso 31-*a* del artículo 16 de la Ley de Rentas Internas, o sea la Ley No. 85, de 20 de agosto de 1925, y sus enmiendas. Autorizada la venta de la indicada mercancía, el demandante apelado procedió a venderla en distintas fechas y partidas, pagando en cada caso, bajo protesta, los arbitrios correspondientes de acuerdo con el inciso antes mencionado. Alega el demandante apelado que el inciso 31-*a* del artículo 16 de nuestra Ley de Rentas Internas anteriormente mencionado, es anticonstitucional, no estando por lo tanto obligado a satisfacer los referidos arbitrios que pagó bajo protesta al Tesorero de Puerto Rico. Según el demandante, el precepto legal citado es anticonstitucional porque viola el inciso 22 del artículo 2 de la Ley Orgánica y el último *disponiéndose* del artículo 3 de la mencionada ley. Se alegan otros motivos de inconstitucionalidad; pero como la corte inferior declaró nulo el inciso impugnado, basándose únicamente en no ser uniforme el impuesto que en el mismo se fija, nos limitamos a citar únicamente los preceptos de la Ley Orgánica que se relacionan con la uniformidad en la imposición de contribuciones.

Se alega por el apelante que la corte inferior erró al declarar la inconstitucionalidad del referido inciso porque impone una contribución que no es uniforme sobre la misma clase de artículos y que la sentencia dictada es contraria a derecho por no resultar congruente con las alegaciones del pleito.

La sección 16 de la Ley No. 85 para proveer rentas para

El Pueblo de Puerto Rico, etc., aprobada en 20 de agosto de 1925 (p. 591) y enmendada en 3 de junio de 1927 (Ley No. 17, p. 461), impone un derecho de rentas internas a ciertos artículos que se relacionan en la referida sección. No aparece en dicha sección así enmendada impuesto alguno sobre suela, pero en 1930 se adoptó una enmienda a la mencionada sección 16 (Ley No. 74 de 1930, p. 457) en virtud de la cual se añadió el inciso 31-*a* que impone "a toda suela importada para ser vendida o usada en Puerto Rico un derecho de ocho centavos por cada libra."

La sección 62 de la misma ley, tal y como fué enmendada en 1927, dice así:

"Se impondrá y cobrará por una sola vez, sobre las ventas de cualesquier artículos objeto de comercio que no estén gravados en la sección 16 de esta ley o exentos de contribución según lo dispuesto en la sección 83 de la misma, al tiempo de verificarse la venta en Puerto Rico, una contribución del 2% sobre el precio o valor de las ventas diarias, bien de contado o bien a crédito, de dichos artículos, la cual contribución deberá pagar al final de cada mes la persona que haya efectuado dichas ventas."

De acuerdo con la sección 16, enmendada en 1930, la única suela gravada es la importada para ser vendida y usada en Puerto Rico. No grava esta sección la suela producida en esta isla y como la sección 62 impone a los artículos objeto de comercio no gravados por la sección 16 o exentos de contribución por la sección 83 una contribución del 2 por ciento sobre el precio o valor de las ventas diarias, resulta que la suela producida en Puerto Rico debe pagar esta contribución del 2 por ciento por no aparecer gravada en la sección 16. No creemos que la ley pueda ser objeto de otra interpretación. La suela importada, cualquiera que sea su precio, tiene que pagar ocho centavos por libra. Se fija una contribución por unidad de peso. La suela producida en el país paga sobre el precio o valor de la venta, que está sujeto a las fluctuaciones del mercado.

El artículo 3 de nuestra Ley Orgánica, enmendada en

marzo 4 de 1927, al facultar a nuestra Legislatura para imponer contribuciones de rentas internas dispone:

". . . que las contribuciones de rentas internas que de acuerdo con la facultad concedida por esta ley imponga la Asamblea Legislativa de Puerto Rico sobre cualesquiera artículos, efectos, mercaderías o mercancías, podrá ser impuesta y cobrada sobre los artículos sujetos a dicha contribución, según determine la referida Asamblea Legislativa, tan pronto como los mismos hayan sido fabricados, vendidos, usados o importados en la Isla; *Disponiéndose,* que no se hará distinción alguna entre los artículos importados de los Estados Unidos o de países extranjeros y los artículos similares producidos o manufacturados en Puerto Rico. Por la presente se ordena a los oficiales de aduanas y del servicio postal de Estados Unidos que ayuden a los debidos funcionarios del Gobierno de Puerto Rico en el cobro de estas contribuciones."

No hay duda de que el inciso impugnado establece una diferencia clara entre la suela producida aquí y la que se produce en el extranjero. En un caso se impone el tributo por unidad de peso; en el otro por el precio de la venta. Esta es la interpretación que surge de los preceptos claros y terminantes de la ley. Se establece una distinción que favorece un artículo producido en el país con perjuicio del mismo artículo importado del extranjero. La ley orgánica de Puerto Rico prohibe expresamente estas distinciones discriminatorias. En vista de la claridad de la ley, bien pudiéramos dispensarnos de citar precedentes. No es fácil encontrarlos tampoco en los estados de la Unión, donde no existen leyes idénticas o parecidas a la ley nuestra que impone un derecho sobre ventas. Por analogía vamos a ilustrar esta opinión con algunas citas y casos en los cuales se discuten tributos impuestos a vendedores no residentes que indirectamente afectan el artículo que se destina a la venta. De la obra "Taxation", de Cooley, tomo primero, pág. 768, copiamos lo que sigue:

"Igualmente una licencia o contribución sobre personas que vendan artículos no es válida si establece distinciones contra artículos

no producidos o introducidos en el estado, en favor de artículos produ-
cidos o manufacturados dentro del estado. Por ejemplo; una muni-
cipalidad no puede diferenciar contra ventas de propiedad importada
en la ciudad. De igual modo, una contribución sobre vendedores am-
bulantes viola el principio de la igual protección de las leyes cuando
esta contribución se aplica solamente a los vendedores que ofrezcan
en venta artículos manufacturados dentro del estado, puesto que esto
favorece a los productos extranjeros."

También es interesante el caso *Ex parte Hines*, 164 Pac.
339, resuelto por la Corte Suprema de California. No se
trata en este caso de un derecho impuesto a un vendedor de
determinado artículo, sino de una industria a la cual se quiso
favorecer. En la ciudad de Venecia, California, en virtud
de una ordenanza, se impuso un derecho de $12 al año a toda
persona, firma o corporación que condujese, administrase o
mantuviese un tren de lavado. En la misma ordenanza se
impuso un derecho de $112 al año a toda persona, firma o
corporación que fuese dueña, operase o mantuviese un vagón
u otro vehículo para llevar a o traer ropa de un tren de lavado
situado fuera de los límites de la ciudad. También se im-
puso una contribución de $120 al año a toda persona, firma
o corporación que condujese, operase o mantuviese una
agencia para recoger o distribuir ropa en representación de
cualquier tren de lavado situado fuera de los límites de la
ciudad de Venecia.

La ordenanza declara ilegal emprender cualquier negocio
descrito en la misma sin una licencia de la ciudad. La Corte
Suprema de California resolvió que esta ordenanza era nula
por considerarla discriminatoria. "Las disposiciones de la
licencia", dice la corte, "están plenamente caracterizadas
como una tarifa protectora para el beneficio de los trenes de
lavado situados en la ciudad de Venecia, o de vagones que
hagan negocios con trenes de lavado dentro de la ciudad, y
aparentemente no tienen otro propósito."

En el caso de *Spaulding* v. *Patterson*, 104 Pac. 412, re-

suelto por la Corte Suprema de Colorado, dice la referida corte:

"Un estado puede exigir una licencia para que se emprenda un negocio, pero tal licencia debe ser uniforme y no establecer distinciones en favor de una clase contra otra ni en favor de sus propios ciudadanos contra aquéllos de otros estados o requerir una licencia que constituya una regulación del comercio interestadual; y un estatuto no uniforme en su operación, sino en favor de uno y contra otro, aunque cada uno esté conduciendo el mismo negocio y vendiendo el mismo carácter de artículos en una forma similar, es inconstitucional."

En este caso se interpretaba un artículo de la ley de rentas de Colorado, en el cual se disponía que cuando una persona, firma o corporación introdujese o enviase, con posterioridad al primero de mayo de cada año, a cualquier condado, cualquier clase de artículos o mercancías para ser vendidos en un sitio de negocios temporalmente ocupado para su venta sin la intención de emprender permanentemente un negocio en dicho local, el dueño, consignatario o persona encargada de tales artículos o mercancías pagaría cierta contribución. Interpretando este artículo de la ley la Corte Suprema de Colorado dice:

"A la luz de nuestra constitución y los preceptos que se deducen de la ley, nosotros creemos que la ley carece de validez. Impone un derecho a artículos y mercancías traídos en cualquier condado con posterioridad al primero de mayo de cualquier año para almacenamiento y venta temporal, y por necesaria implicación releva a artículos de un carácter similar traídos al mismo condado al mismo tiempo, de la contribución si estos artículos no son ofrecidos a la venta. Esta distinción priva a la ley del requisito indispensable de que las contribuciones deben ser uniformes sobre la propiedad dentro de la jurisdicción del cuerpo que las impone. Si cierta clase de propiedad introducida en el condado para un propósito particular después del primero de mayo en cualquier año puede estar sujeta a una contribución, entonces toda otra propiedad dentro de la misma jurisdicción, de un carácter similar, debe estar sujeta a la misma contribución, para satisfacer la disposición de nuestra constitución sobre el punto de la uniformidad de contribuciones."

Examinado el inciso 31-*a,* cuya inconstitucionalidad se alega, a la luz de las disposiciones de la ley orgánica, que requiere uniformidad en la imposición de contribuciones y del precepto en que terminantemente se dice que no se hará distinción alguna entre los artículos importados de los Estados Unidos o de países extranjeros y los artículos similares producidos o manufacturados en Puerto Rico, se impone la conclusión de que el referido inciso carece de validez por constituir una violación de nuestra Ley Orgánica.

Se arguye además que la sentencia dictada no es congruente con las alegaciones. Es cierto que en la demanda se alega que la suela producida o manufacturada en Puerto Rico no está sujeta a contribución. Se ha probado, sin embargo, que paga una contribución distinta e inferior a la que el inciso 31-*a* impone a la suela importada. Esta distinción, de conocimiento judicial, porque surge de la misma ley, es bastante para determinar la inconstitucionalidad del estatuto, sin que tenga importancia el hecho de que la suela doméstica pague alguna contribución y se haya alegado que no paga ninguna. La verdad es que la suela doméstica paga el 2 por ciento de contribución sobre el precio o valor de las ventas y la importada ocho centavos por cada libra.

*Debe confirmarse la sentencia apelada.*