[Civ. No. 6369. First Appellate District, Division Two.—January 5, 1929.]

E. GALLY, Respondent, v. M. K. WYNNE et al., Appellants.

A. S. Newburgh for Appellants.

Herbert Choynski and Sidney Rhein for Respondent.

STURTEVANT, J.—The plaintiff, as assignee of M. Berman, commenced an action against the defendants to recover a judgment for moneys had and received. The defendants answered and a trial was had before the trial court sitting without a jury. The trial court made findings of fact in favor of the plaintiff, and from a judgment entered thereon the defendants have appealed under section 953a of the Code of Civil Procedure.

Heretofore the defendants were the lessees and were conducting a drygoods store at 111 Powell Street. Being de-

sirous of going out of business, they arranged to conduct a sale of their merchandise and at the same time they entered into a contract with M. Berman, under the terms of which they agreed to sell and M. Berman agreed to buy the "fixtures, goodwill and the lease of the premises." The purchase price was $3,500, of which $750 was paid down when the agreement was entered into March 1, 1927. Attached to the agreement was an inventory. Two or three days after the agreement had been executed the defendants executed a writing in which they agreed that in conducting their sale they would not use "the terms going out of business or quitting business but to use substantially the following: Lease and fixtures sold. Every garment in this shop must be sold by March 31st. In the event I violate any part of this agreement I agree to deduct $500 from the purchase price. of $3500." The latter paper was also dated March 1, 1927, but the evidence shows it was executed and delivered a few days subsequent. It was the contention of the plaintiff that almost immediately after delivering the writings above mentioned the defendants proceeded to place on their store large signs having thereon such expressions as "positively closes April 15th"; that thereby they greatly reduced, if they did not destroy, the value of the goodwill; that on April 6th the plaintiff therefore served notice of rescission and demanded the return of the $750 theretofore paid by him on the purchase price; that the deposit was not repaid and that the plaintiff is entitled to sue therefor.

The defendants call attention to the fact that the several writings related to the same matters between the same parties and were made as part of substantially one transaction and are to be taken together. Thereupon they call attention to the fact that the paper last executed contained a provision that if the defendants violated its terms they agreed to deduct $500 from the purchase price. The defendants then argue that the remedy of the plaintiff was to proceed and comply with all of the terms of the contract and deduct $500 from the purchase price. They do not cite any authority supporting their contention. The covenant that $500 might be deducted from the purchase price was not a covenant authorizing the defendants to breach their contract. True it is that in the papers executed by the parties they expressly inserted a provision for liquidated dam-

ages. ■ It is well settled law that all applicable laws in existence when an agreement is made necessarily enter into it and form a part of it as fully as if they were expressly referred to and incorporated in its terms. (13 C. J., p. 560; *Marshall* v. *Wentz*, 28 Cal. App. 540, 542, 543 [153 Pac. 244].) Therefore it is patent that the statutes regarding the measure of damages are implied terms in many contracts. No reason appears why expressly inserting a clause regarding damages would have any different operation than the implied insertion of a clause on that subject. ■ Where, as here, one party to a contract admittedly breaches it, the other party is entitled to treat the vendor's breach as an abandonment and himself abandon the contract and sue at law to recover what he has paid in an action for money had and received. (*Glock* v. *Howard & Wilson Colony Co.*, 123 Cal. 1, 10 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].) ■ In other words, if one party rescinds the other party may also rescind, and when a rescission has thus been made the contract is "extinguished." (Civ. Code, sec. 1688.) That word means "to put out, quench, stifle, as to extinguish fire or flame." (Century Dictionary.) If the contention of the defendants is sound it would seem to follow that the right to rescind never exists.

■ It is further contended by the defendants that they did not breach the contract. However, they candidly state that the testimony is conflicting, nevertheless they proceed to state as they claim the evidence as favorable to the plaintiff as his testimony will permit. True it is that the oral testimony was not very direct nor satisfactory, but photographs of the signs used were introduced in evidence. One sign was "fixtures and lease sold, positively closes Friday night, April 15th." Moreover, there was evidence that that particular sign was put up after the plaintiff had rescinded and that other signs had theretofore been put up and supplanted from time to time. The record as made does not warrant this court in disturbing the findings made by the trial court.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.