[Civ. No. 8065. First Appellate District, Division Two.—January 13, 1932.]

IRA N. FRISBEE, Respondent, v. R. P. O'CONNOR, City Treasurer, etc., Appellant.

Richard C. Waltz, City Attorney, for Appellant.

J. Gordon Mills for Respondent.

SPENCE, J.—Plaintiff, a resident and taxpayer of the city of Beverly Hills, sought to enjoin defendant, the city treasurer of the city of Beverly Hills, from paying a warrant in favor of the Pacific Mutual Life Insurance Company in the sum of $315.26 for the first year's premium due upon an insurance policy issued by said company to Charles Couts Blair, an employee of said city. The trial court overruled the demurrer interposed by defendant and upon the failure of said defendant to answer, granted the injunction. Defendant appeals upon the judgment-roll.

The policy was issued to said employee under the provisions of Ordinance 244 as passed by the city council in 1928. That ordinance was one "providing for the creation and operation of an insurance plan and pension fund for employees of said city". The ordinance attempted to work out a system of insurance and pensions for the employees of the city through the means of individual policies issued to said employees by the Pacific Mutual Life Insurance Company "or such reputable insurer" as might thereafter be designated by four-fifths vote of the city council. Briefly describing the plan appellant states that "the ordinance provides for insurance and a unit of pension at age 65 for each employee dependent upon the amount of his remuneration and the length of his service with the city, payments of premium to be made the first year by the city and thereafter seventy-five per cent (75%) by the city and twenty-five per cent (25%) by the employee, the policy at all times having a cash value to the employee equal to all money paid in by him with interest at four per cent (4%)".

The main question involved in this appeal is whether the city of Beverly Hills had the power to pass the ordinance and incur the liability in question. Conceding that the city had no express power to do so, appellant contends that it acted within its implied powers, but in our opinion this contention cannot be sustained. It is fundamental that a municipal corporation can exercise only such powers as have been conferred upon it by the Constitution, the general laws or its own charter provisions (18 Cal. Jur. 798), and that the language purporting to define its powers must be strictly construed. (18 Cal. Jur. 801.) As the city of Beverly Hills is a city of the sixth class under the general laws and,

not a city operating under a charter authorizing the creation of an insurance or pension system, we must turn to the Constitution and general laws to ascertain its powers. Appellant cites article XI, section 11, of the Constitution and section 862 of the Municipal Corporations Act (Deering's Gen. Laws (1923 and Supp. 1927), Act 5233), but we find nothing in these sections which sustains appellant's contention. The well-settled rule by which the powers of a municipal corporation are to be measured is stated in 1 Dillon on Municipal Corporations, fifth edition, section 237, as follows: "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation—not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied. Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void." Approval of this rule is found in a long line of decisions in this state. (*Miller* v. *City of Los Angeles*, 185 Cal. 440 [197 Pac. 342]; *City of Madera* v. *Black*, 181 Cal. 306 [184 Pac. 397]; *Oro Elec. Corp.* v. *Railroad Com.*, 169 Cal. 466 [147 Pac. 118]; *City of Long Beach* v. *Lisenby*, 175 Cal. 575 [166 Pac. 333]; *Egan* v. *San Francisco*, 165 Cal. 576 [Ann. Cas. 1915A, 754, 133 Pac. 294].) Measured by the foregoing principles we are of the opinion that the city of Beverly Hills was without power, either express or implied, to pass an ordinance providing for an insurance plan and pension fund for its employees and was without power to incur any liability under such ordinance for premiums upon policies issued thereunder to any of its employees. These powers were neither expressly conferred nor were they among those "necessarily or fairly implied in or incident to the powers expressly granted" nor were they among those "essential to the accomplishment of the

declared objects and purposes of the corporation—not simply convenient but indispensable''. If it may be said that there is a ''fair, reasonable and substantial doubt'' concerning the existence of the power, such doubt must be resolved against the existence thereof. Furthermore, both the Constitution and Municipal Corporations Act expressly limit the powers conferred to those not in conflict with the general laws. The general laws of this state purport to create a ''police relief, health, and life insurance and pension fund in the several counties, cities and counties, cities, and towns of the state'' (Deering's Gen. Laws (1923 and Supp. 1927), Act 6012), and also a ''firemen's relief, health, and life insurance and pension fund in the several counties, cities and counties, cities and towns of the state''. (Deering's Gen. Laws, 1923, Act 2592.) The ordinance in question is in direct conflict with these acts in so far as it purports to substitute a new and different type of insurance and pension plan for employees of the police and fire departments in the place of that provided by general law. Again the very fact that the legislature created such insurance and pension funds by the acts referred to and limited their application to employees of the police and fire departments strengthens the conclusion that it was not intended by the provisions of the Municipal Corporations Act to confer upon sixth-class cities the power to create such fund for any employees.

Appellant cites and relies upon *State* v. *City of Memphis,* 147 Tenn. 658 [27 A. L. R. 1257, 251 S. W. 46]. The authority is not in point on the question under discussion. In that case the question presented to the court was whether the action of the city of Memphis in taking out group insurance for its employees constituted an appropriation of public funds for a private purpose in violation of the provisions of the Constitution of the state of Tennessee. The decision of the court to the effect that such action did not violate the constitutional provisions is in line with the decisions in this state and elsewhere upholding the constitutionality of pension laws and similar legislation. Here the question under discussion is whether the city of Beverly Hills had the implied power to pass the ordinance in question and in view of our conclusion that this power had not been conferred upon it, we deem it unnecessary to discuss the numerous constitutional objections to the particular

ordinance which are urged by respondent in support of the judgment.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.