[Civ. No. 3264.   Fourth Dist.   Apr. 19, 1944.]

DAVE L. STYRING et al., Respondents, v. CITY OF SANTA ANA et al., Appellants.

Otto A. Jacobs, City Attorney, for Appellants.

Forgy, Reinhaus & Forgy for Respondents.

MARKS, J.—This is an appeal from a judgment directing the issuance of a writ of mandate requiring defendants to grant plaintiffs and other regular members of the regularly organized paid Fire Department of the City of Santa Ana leaves ''of absence from active duty of four working shifts in every month of such service'' as required by an act of the Legislature. (Stats. 1895, p. 76, as amended; Deering's Gen. Laws, 1937, Act 2598.)

The city of Santa Ana is a municipal corporation of the fifth class organized under the Municipal Corporation Act. (Stats. 1883, p. 93, as variously amended; Deering's Gen. Laws, 1937, Act 5233.) ■ This act serves as the charter of those municipalities incorporated under it. (*Frisbee* v. *O'Connor*, 119 Cal.App. 601 [7 P.2d 316]; *People* v. *Bagley*, 85 Cal. 343 [24 P. 716]; *Ex parte Jackson*, 143 Cal. 564 [77 P. 457]; *City of Mountain View* v. *Southern Pacific Ry. Co.*, 1 Cal.App.2d 317 [36 P.2d 650]; Const., art. XI, § 6.) Section 1 of this act provides that cities ''shall have the powers conferred, or that may be hereafter conferred, by law, upon municipal corporations of the class to which the same may belong.'' ■ Thus the Legislature has much more power to regulate the affairs of unchartered cities than it has over those organized under a charter which have authority ''. . . to

make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, . . .'' (Const., art. XI, § 6.) It follows that cases dealing with the rights of officers and employees of chartered cities are unimportant here and need not be noticed.

The act in question here (Stats. 1895, p. 76, as amended) provides in part as follows:

''In every city, fire district, county fire district and fire protection district of this State where there is a regularly organized paid fire department, the board of supervisors, common council, commissioners or other body having the management and control of the same shall once each year grant to each regular or permanent member thereof, a leave of absence from active duty of not less than fifteen days in each year and in addition thereto a leave of absence from active duty of four working shifts in every month of such service. Leave of absence so granted, as aforesaid, must be arranged by said board, council, commission, commissioners or other governing body so as not to interfere with or in any way impair the efficiency of said department.''

In Santa Ana there is a regularly organized paid fire department whose members have been given fifteen days' leave of absence from active duty each year but have been refused leaves of absence from four working shifts each month.

Defendants maintain that the act in question is unconstitutional and void for several reasons.

It is first argued that the act of 1895 is void as violating section 25 of article IV of the Constitution which prohibits the passage of special laws regulating county and township business. It is sufficient answer to this argument to note that a municipal corporation is neither a county nor a township (*Kenyon* v. *Johnson,* 97 Cal.App. 552 [276 P. 110]; *Platnauer* v. *Board of Supervisors,* 65 Cal.App. 666 [225 P. 12]) so the provisions of that section are not applicable here.

It is next argued that the act violates section 29 of article IV of the Constitution which prohibits the passage of a local or special law affecting the fees or salary of any officer. We cannot see how the act in question affects the salaries to be paid firemen. None of its provisions even approach that question. The matter of the compensation of firemen is left entirely to the legislative body of the city of Santa Ana.

It is next argued that the act is unconstitutional as it is special legislation affecting only members of regularly organized paid fire departments.

This argument possesses little merit. ▇ It is thoroughly settled in California that a law is general and not special where it affects one class of citizens and there is an intrinsic, natural and reasonable ground for a distinction between those falling within that class and others outside of it. (See: *Ex parte Haskell,* 112 Cal. 412 [44 P. 725, 32 L.R.A. 527]; *In re Richardson,* 170 Cal. 68 [148 P. 213]; *Town of St. Helena,* v. *Butterworth,* 198 Cal. 230 [244 P. 357]; *Bueneman* v. *Santa Barbara,* 8 Cal.2d 405 [65 P.2d 884, 109 A.L.R. 895]; *E. A. Hoffman Candy Co.* v. *City of Newport Beach,* 120 Cal. App. 525 [8 P.2d 235]; *In re Hoskins,* 16 Cal.App.2d 251 [60 P.2d 535]; *In re Fassett,* 21 Cal.App.2d 557 [69 P.2d 865]; *Soares* v. *City of Santa Maria,* 38 Cal.App.2d 215 [100 P.2d 1108]; *Van Gammeren* v. *City of Fresno,* 51 Cal.App. 2d 235 [124 P.2d 621].) Here the reason for the classification is found in the nature of the services performed by paid members of organized fire departments. It differs from the work of those engaged in other employments and is an intrinsic, natural and reasonable ground for classification. As the act of 1895 affects all persons falling within one class it is general and not special legislation.

▇ Defendants argue that the act of 1895 must be construed as directory and not mandatory. This argument is based on the case of *Shealor* v. *City of Lodi,* 23 Cal.2d 647 [145 P.2d 574], where it was held that an act of the Legislature (Stats. 1889, p. 56; Deering's Gen. Laws, 1937, Act 6012) providing for the creation of a police relief, health and life insurance and pension fund was not mandatory in that it permitted municipal corporations to take advantage of its provisions but did not require them to do so. It is also indicated in that decision that where an unchartered city desires to adopt a pension system it must do so under the legislative authority given in the act. (*Shealor* v. *City of Lodi, supra; Frisbee* v. *O'Connor, supra.*)

The act of 1895 does not require a municipal corporation to maintain a regularly organized paid fire department. It merely requires a city which has such a department organized to give the firemen the leaves of absence from active duty

16

there indicated which sufficiently distinguishes the instant case from the Shealor case.

The leaves of four working shifts a month from active duty are made obligatory by the act of 1895. Thus it becomes the duty of those having control of regularly organized paid fire departments in unchartered cities to arrange such leaves of absence "so as not to interfere with or in any way impair the efficiency of said department[s]." ██ A duty resting on a public official which the law requires him to perform may be enforced by a writ of mandate.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.