[Civ. No. 15956. Second Dist., Div. Two. Aug. 6, 1947.]

O'NEILL BARNWELL et al., Appellants, v. CITY COUNCIL OF THE CITY OF BEVERLY HILLS et al., Respondents.

Clyde Thomas for Appellants.

Richard C. Waltz, City Attorney, and Richard L. Sieg, Jr., Assistant City Attorney, for Respondents.

WILSON, J.—Plaintiffs, who are retired employees of the city of Beverly Hills, brought this mandamus proceeding against the city council of the city and Board of Administration, California State Employees' Retirement System, to compel the payment to them of retirement benefits to which they assert they are entitled and which defendants refuse to pay. From a judgment in favor of defendants plaintiffs have appealed.

The State Employees' Retirement Act was adopted in

1931 (Stats. 1931, ch. 700, p. 1442; 2 Deering's Gen. Laws, Act 5847) establishing a retirement system applicable only to employees of the state. In 1939, section 38c was added to the statute authorizing any municipal corporation to participate in the State Employees' Retirement System and to make its employees members of the system by contract entered into by the representative body of the municipal corporation and the Board of Administration of the retirement system. (Stats. 1939, ch. 927, pp. 2605, 2608.) Prior to this amendment the city of Beverly Hills, a city of the sixth class, was without power to provide pensions for its employees. (*Frisbee* v. *O'Connor*, 119 Cal.App. 601 [7 P.2d 316].)

On July 1, 1941, plaintiffs as employees of the city of Beverly Hills became members of the State Employees' Retirement System pursuant to contract between the city and the system's Board of Administration. The contract provided (1) that benefits on account of service rendered to the city prior to the effective date of the contract should be allowed to the city's employees only as percentages of the respective average salaries specified in the Retirement Act for each year of such service and (2) that such percentages should be equal to 50 per cent of the analogous percentages then used under the retirement system in calculating benefits on account of prior service allowed to employees of the state. By amendment effective as of March 1, 1946, the contract was so modified as to provide that percentages to be paid retired employees of the city should be 100 per cent of the analogous percentages used under the retirement system. After the execution of the original contract in 1941, and prior to the amendment in 1946, plaintiffs retired from the city's service. Thereafter each of them was awarded retirement pay from the state employees' retirement fund in accordance with the original agreement. This proceeding was instituted to compel defendants to place plaintiffs on the rolls of persons entitled to receive payments and retirement benefits in accordance with the contract as amended.

The contentions of defendants are (1) that the amendment to the contract did not affect the rights of plaintiffs but that such rights were fixed by the original contract which was in force at the time of their retirement; (2) that plaintiffs were members of the retirement system only when they were in the employment of the city, which had terminated upon their retirement. A review of the pertinent statutes necessitates an affirmance of the judgment.

192

Section 40 of the original retirement act provided that "Any person . . . who is retired, ceases to be a member." There was no alteration of that language in either the amendment of 1933 or that of 1935. (Stats. 1933, ch. 473, pp. 1238, 1240; Stats. 1935, ch. 152, pp. 783, 784.) Neither had it been changed at the time of the first contract, July 1, 1941. (See Gov. Code, § 20390; Stats. 1945, ch. 123, pp. 535, 584.)

Inasmuch as the contract of 1941 was executed pursuant to the amendment of 1939 (now Gov. Code, § 20450), the provisions of the statute as it then stood became a part of the city's contract with the Board of Administration. (*Brown* v. *Ferdon*, 5 Cal.2d 226, 231 [54 P.2d 712]; *Wood* v. *Lehne*, 30 Cal.App.2d 222, 226 [85 P.2d 910]; *Gally* v. *Wynne*, 96 Cal.App. 145, 148 [273 P. 825].) Section 38c was so amended in 1943 by the addition of subdivision 7 (Stats. 1943, ch. 640, pp. 2259, 2263) as to provide that by suitable resolutions of contracting parties errors in any contract may be corrected and employees who had been excluded may be included so as to confer upon them "additional benefits on account of prior service." (Gov. Code, § 20461; Stats. 1945, ch. 123, pp. 584, 586.) By authority of section 20461, the amendment of 1946 to the contract of 1941 became effective March 1, 1946. However, since plaintiffs had retired from their employment prior to that date, their retirement pay is limited to the percentage specified in the original contract.

Plaintiffs rely on a statement in *Sweesy* v. *Los Angeles County Peace Officers' Retirement Board*, 17 Cal.2d 356, 361 [110 P.2d 37], that "*unless the contrary intention plainly appears* persons having a pensionable status are entitled to receive any increase of benefits which may be provided." (Emphasis added.) Conversely, it must be true that if a contrary intention does appear such persons are not entitled to receive an increase of benefits.

Section 4 of the statute of 1931 establishing the retirement system defines "employee" to be "any person in the employ of the State of California. . . ." The section was amended (Stats. 1933, ch. 473, p. 1238; Stats. 1937, ch. 806, p. 2281) without substantial change and was again amended (Stats. 1939, ch. 927, p. 2605) without modification except the addition of a provision including persons in the employ of any contracting city who are included by contract under the retirement system. The same definition is now found in section 20012 of the Government Code.

Section 5 of the original act defined "member" as any person included in the membership of the retirement system as set forth in the sections therein mentioned. Section 5 was amended in 1935. (Stats. 1935, ch. 850, p. 2276.) The amendment does not affect this proceeding. The definition of "member" is now in section 20013 of the Government Code.

We have referred to section 40 of the original statute and to the various amendments, including section 20390 of the Government Code, providing that any person who is retired ceases to be a member of the system. Giving that provision and the definitions of "employee" and "member" the construction to which they are entitled, it is clear that a person is a member of the retirement system only while he is an employee of the state or of a contracting city, and that he ceases to be a member of the system upon his retirement. The construction contended for by plaintiffs would be at variance with the accepted meaning of the words employed in the statute.

While a person is an employee he is entitled to the salary applicable to his position. When he retires he can no longer claim the salary because he has passed from his position of employment into the pensionable status and has become entitled to retirement pay provided by statute for a retired state employee, or by contract for a retired employee of a contracting city.

Subdivision 7 of section 38c added in 1943 did not and section 20461 of the Government Code does not actually or by inference permit the granting by amendatory contract of additional benefits to persons who retired after the original contract was executed. Their rights were determined as of the date of their retirement.

Furthermore, looking to the contract between the city of Beverly Hills and the Board of Administration of the retirement system, we find the provision that the city shall participate in the system "making its *employees* members of said System, from and after July 1st, 1941." The contract further provides that *employees* of the city in certain specified classes shall "become members of said Retirement System. . . ." By the contract, which was the means by which plaintiffs entered the system, only employees of the city and not retired persons were members of the system. The

amendatory contract recited the execution of the original agreement providing for the percentages to be used in calculating prior service benefits "of persons who are *members* under said contract." It therefore appears both from the original agreement and from the amendment that only *employees* of the city became or remained members of the system and that it was not the intention of the contracting parties to include or to retain any person in the system who was not an employee. The contract referred to members and provided future benefits to members and not to persons who had ceased to be members by reason of their retirement.

Since (1) the statute provided that a person ceased to be a member of the system upon retirement, (2) the provisions of the statute are deemed to be a part of the contract, and (3) the contract clearly expresses the same intention as that stated in the statute, we conclude that plaintiffs ceased to be employees of the city and therefore ceased to be members of the system upon their retirement; that when they retired they became pensioners entitled to the amount of retirement pay provided by the contract in force at the time their employment ceased, and that the amendment to the contract did not increase the amounts of their pensions.

The plaintiff in the case of *Sweesy* v. *Los Angeles County Peace Officers' Retirement Board, supra,* and the plaintiffs in the cases cited therein, all derived their rights solely from statutes; the statutes did not contain provisions or definitions similar to those to which we have referred, and none of the plaintiffs were dependent upon contracts for the determination of their rights.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied August 29, 1947, and appellants' petition for a hearing by the Supreme Court was denied October 2, 1947.