## ANDERSON *v*. GRABER.

*Pleading—Counterclaim in tort may be pleaded in contract
action—Appeal from justice of peace to common pleas
court—Counterclaim in excess of jurisdiction, demurrable.*

1. If a counterclaim arises out of the contract or transaction
   set forth in the petition, or is connected with the subject
   of the action, it may properly be pleaded, whether based
   on fraud, deceit, misrepresentation, malicious prosecution,
   negligence, trespass, or any other tort.
2. The jurisdiction of the court of common pleas on appeal
   from a justice of the peace is limited in amount to $300,
   and if the defendant sets up a counterclaim exceeding that
   sum, and demands judgment for the amount pleaded, the
   cross-petition is demurrable.

(Decided November 24, 1924.)

ERROR: Court of Appeals for Lucas county.

*Mr. L. E. Gorman,* for plaintiff in error.
*Mr. L. H. Wilkinson,* for defendant in error.

RICHARDS, J. Frederick C. Graber commenced
an action before a justice of the peace to recover
the sum of about $50 for labor performed at $1.25
per hour in laying brick in the construction of a
dwelling-house for Croswell D. Anderson. Ander-
son filed a pleading denying the claim of the plaint-
iff and setting up a counterclaim in the sum of
about $1,000, for damages claimed to result from
the unskillful and negligent manner in which the
labor was performed. On this counterclaim he de-

[1] Recoupment, Set-off and Counterclaim, 34 Cyc. pp. 682,
684, 707, 708; [2] Justices of the Peace, 35 C. J. §§ 236, 388.

manded a judgment before the justice of the peace
for $299. In the justice's court a judgment was
rendered in favor of Anderson in the amount of
$150, from which the plaintiff appealed to the Court
of Common Pleas.

In the Court of Common Pleas the plaintiff filed
a petition setting up his claim to recover for labor
performed, and the defendant Anderson filed an
answer and cross-petition in which he denied all
allegations of the petition, and, by way of counter-
claim, set up that there was due to him from the
defendant $1,075, by reason of the damages re-
sulting from the unskillful and negligent manner
in which the labor was performed, and he de-
manded judgment on the cross-petition in that
amount.

The plaintiff Graber filed a general demurrer to
the cross-petition, and this demurrer was, on con-
sideration, sustained. Thereupon the action was
tried in the Court of Common Pleas upon the is-
sues joined between the petition and the answer,
and a verdict rendered in favor of the plaintiff
Graber for the full amount claimed by him. The
plaintiff in error seeks a reversal of that judg-
ment, basing his claim upon the error of the trial
court in sustaining the demurrer to the cross-peti-
tion filed by him.

The bill of exceptions shows, in a statement
made by the trial judge, that the demurrer to the
counterclaim was sustained "for the reason that
in an action for money due for work on a build-
ing, a counterclaim for negligence in the work in-
juring the building, being in tort, does not lie."

Section 11317, General Code, defines a counter-

claim in clear and unmistakable language. In its essence it is a cause of action existing in favor of a defendant against a plaintiff, and arising out of the contract or transaction set forth in the petition, or connected with the subject of the action. So far as its origin is concerned the only requirement contained in the statute is that the counterclaim must arise out of the contract or transaction on which the plaintiff's claim is based, or be connected with the subject of the action. It is unimportant to inquire whether the counterclaim is based on fraud, deceit, misrepresentation, malicious prosecution, negligence, trespass, or any other tort, provided it arises out of the contract or transaction set forth in the petition, or is connected with the subject of the action.

· It is said that the decision reached was based on the language of the trial judge in the closing paragraph of *Grand Fraternity* v. *Moss*, 21 N. P. (N. S.), 409, 417. The judgment in the case cited was manifestly correct, because the cross-petition did not arise out of, nor was it connected with, the subject of the action. We cannot, however, assent to the language used by the trial judge in the closing paragraph of the opinion in the *Moss case* as a correct statement of the law, in which he says, in substance, in referring to another case, that the liability set up in the counterclaim in that case was in tort and for that reason the defendant could not assert a counterclaim for damages. It is stated explicitly in 1 Bates' Pleading, Practice, Parties & Forms, 368, that if the counterclaim grows out of the same contract sued upon it is valid, though it is tort. It is indeed a fundamental

rule of law that when a cause of action in favor of the defendant arises from a transaction set forth as the foundation of the plaintiff's claim, it may be pleaded as a counterclaim, no matter what its technical soundings, nor those of the plaintiff's demand, may be. 24 Ruling Case Law, 826; 34 Cyc., 706.

The reason given by the trial court in the instant case for sustaining the demurrer, to-wit, that the cross-petition was demurrable because it sounded in tort, is not a valid or sufficient reason for the decision. The question remains, however, whether the demurrer was not properly sustained, even though the reason given for the ruling was not a valid one. Clearly, if the ruling was right, it is immaterial that the reason given therefor was wrong.

The action originated before a justice of the peace, the limit of whose jurisdiction is $300. The case having passed by appeal from that court to the Court of Common Pleas, the limitation of the jurisdiction of the latter court in such case is the same as that of the justice's court. The cross-petition set up a claim for $1,075, and asked judgment for that amount, a sum far beyond the jurisdiction of the justice. In *Wherry* v. *Frolick,* 22 C. C. (N. S.), 409, it was held in a case appealed from the court of a justice of the peace that a cross-petition asking for an amount in excess of the amount of which the justice had jurisdiction should be stricken from the files. The defect appearing on the face of the pleadings may be raised by demurrer as well as by a motion to strike from the files. The limitation on the jurisdiction of the

common pleas court to that of the justice's court in appealed cases was announced in *Woolever* v. *Stewart,* 36 Ohio St., 146.

The cause of action attempted to be set up in the cross-petition was for unliquidated damages, and undoubtedly the cross-petitioner could have unequivocally remitted all of the amount above $300 and thereby have maintained the jurisdiction of the court, or he could have withdrawn his cross-petition entirely and brought a separate action to recover for the claim therein set forth. See *Lancaster Mfg. Co.* v. *Colgate,* 12 Ohio St., 344, 355.

We find no reversible error in the record. The demurrer to the counterclaim having been properly sustained, although for a wrong reason, the judgment must be affirmed.

*Judgment affirmed.*

CHITTENDEN and KINKADE, JJ., concur.