Argued and submitted August 13, affirmed September 29, 1980

LAKE, et al,
*Respondents,*
*v.*
STUBBERT,
*Appellant.*

(No. E-78-1294, CA 16866)

617 P2d 640

David A. Aamodt, City Attorney, Roseburg, argued the cause and filed the brief for appellant.

Gary L. Hill, Roseburg, argued the cause for respondent. With him on the brief was Slocum & Hill, Roseburg.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P.J.

## JOSEPH, P.J.

Plaintiffs, on behalf of themselves and other employees of the city of Roseburg's Water Division, brought this suit to compel defendant, who is the City Manager of Roseburg,[1] to grant them vacation benefits based on their years of service for both the city and their previous employer, the Oregon Water Corporation. Trial was had on stipulated facts, and the trial court entered an "order" awarding plaintiffs the relief sought.[2]

On December 15, 1977, the city of Roseburg purchased and took control of the Roseburg-Oakland facilities of the Oregon Water Corporation. The parties to that transaction agreed that the employment of all the corporation's employees would be terminated at that time, but the city had the right to rehire the employees of the corporation, and those employees had the right to refuse employment with the city.

Prior to December 15, the defendant, in his capacity as City Manager, delivered to each of the corporation's employees an offer of employment with the city in its Water Division, commencing December 15. Included in that letter was the following language:

"Vacation: The City's vacation policy is one in which vacation time can be taken for time earned after the first year probationary period has been completed. * Note: We will request to the council that the probationary period be shortened to a six-month period so that some accrued vacation time could be taken off this summer."

Plaintiffs and other former employees of the corporation accepted the offer and commenced working for the city in the Water Division on December 15. On March 26, 1978, the employees delivered a letter to the Public Works Director for the city, claiming unfair treatment with respect to vacations. Plaintiffs considered that

---

[1] In the caption on the complaint the defendant was not identified as other than an individual. Paragraph I of that complaint identified him as the City Manager. Whether he was the proper party defendant has not been made an issue.

[2] The order was in form and substance a decree for affirmative injunctive relief.

letter to be the first step in the grievance procedure under the personnel rules of the city.

On March 29, the Public Works Director answered the employees' letter, outlining the city's policies, reviewing the previous negotiations relating to the personnel of the former corporation, and stating that in the writer's opinion the matter presented by the employees was not "a grievable matter." On April 6, the employees responded and requested a meeting with defendant under what they designated "Step 3" of the city's grievance procedure. Defendant did not answer that letter, because he agreed with the Public Works Director's view that the matter was not "grievable."

In the negotiations between the city and the corporation it was agreed that the corporation would give money allowances in lieu of vacation time to those employees who were being terminated by the corporation for the accumulated vacation time they had earned in the employment of the corporation. Those payments were made by the corporation.

The relevant portions of the city's personnel rules are set out in the margin.[3]

---

[3] "Rule XIX. Vacations:

"All employees in the career service shall be entitled to vacations with pay. This time shall be earned monthly, but not to be used until after the employee successfully completes a one-year probationary period. In the case of a regular employee on probation who was originally hired on CETA or other similar program, two weeks vacation may be taken with the approval of the department head, after one full year of employment, including the time employed on the former program. The accumulation continues monthly and may be used at that time, but in amounts of not less than one day (or one shift for firemen). The vacation time is regulated by the number of years of service the employee has with the City of Roseburg for all employees except firemen as follows:

| | | | |
|---|---|---|---|
| 1 through 5 years service | 10 | days | vacation |
| 6 years service | 11 | " | " |
| 7 " " | 12 | " | " |
| 8 " " | 13 | " | " |
| 9 " " | 14 | " | " |
| 10 through 15 years service | 15 | " | " |
| 16 years and over | 20 | " | " |

"* * * * *

"Rule XXVIII.   Grievance Procedures

"(1)   The City shall promptly consider and equitably adjust employe grievances relating to employment conditions and relationships. Furthermore, the City desires to adjust the causes of grievances informally—both supervisors and employes are expected to resolve problems as they arise.

"(2)   The following steps shall be followed in submitting and processing a grievance:

"(a)   *Step 1.* The aggrieved employe or group of employes shall orally present the grievance to the immediate supervisor within five (5) working days of its occurrence. The supervisor shall give his oral reply within three (3) working days of the date of presentation of the grievance, not including the date of presentation.

"(b)   *Step 2.* If the grievance is not settled in Step 1, it shall be prepared in detail, shall be reduced to writing, shall be presented to the department head within five (5) working days after the supervisor's oral reply is given, not including the day the answer is given. The department head shall reply in writing to the grievance within five (5) working days of the date of the presentation of the written grievance, not including the day of presentation.

"(c)   *Step 3.* If the grievance is not settled in Step 2, the written grievance shall be presented along with all pertinent correspondence, records and information accumulated to date to the City Manager within seven (7) working days after the department head's response is given, not including the day the response is given. The City Manager may meet with the aggrieved employe or group of employes, the immediate supervisory personnel and the department head. The City Manager shall reply to the grievance in writing within seven (7) working days of the date of presentation of the written grievance. The decision of the City Manager shall be final and binding on the employe or the group of employes.

"(3)   If the grievance procedures are not initiated within the time limits established by this section, the grievance shall be considered not to have existed.

"(4)   Any grievance not taken to the next step of the grievance procedure shall be considered settled on the basis of the last reply made and received in accordance with the provisions of this section.

"(5)   If the City fails to meet or answer any grievance within the time limits prescribed for such action by this section, such grievance shall automatically advance to the next step. If the City fails to meet or answer any grievance on the last step of the grievance procedure within the time limits prescribed for such action by this section, it shall be deemed that the City has considered the grievance to be in favor of the grievant and shall resolve the matter accordingly.

"(6)   The time limits prescribed in this section for the initiation and completion of the steps of the grievance procedure may be extended

The trial court found that the claim of the employees was "grievable" under the city's grievance procedure and that, therefore, the failure of the defendant to comply with Step 3 brought into play paragraph 5 of the procedure, which in effect says that if the city fails to follow its own procedure in a timely fashion it is required to resolve the matter in favor of the employees. His order directed the defendant to grant the Water Division employees who had previously worked for the corporation vacation benefits based on their years of service for both the corporation and the city. We have set out that vacation policy in footnote 3 for the sake of factual clarity, but the merits of plaintiffs' asserted grievance are not before us. The only issue presented is whether their letters of March 26 and April 6 presented "a grievable matter."

The trial court pointed out that "grievance" is undefined under the city's rules and proceeded to say:

> "Secondly, the Court analogizes to the collective bargaining situation. Where a collective bargaining agreement exists and 'grievance' is undefined, the Court must give the term its ordinary meaning. *Pac. Tel. & Tel. vs. Communications Workers of America,* 199 F Supp 689, 692 (Dist. Oregon 1961), reversed on other grounds 310 F 2d 244 (1962); *Butte Miners' Union No. 1 vs. Anaconda Co.,* 159 F Supp 431, 435 (Dist. Montana 1958), affirmed 267 F 2d 940 (1959); *Gillam vs. Roadway Exp. Inc.,* 206 NE 2d 34, 35 (1965). A liberal and broad construction should be given to the term grievance. *United Steel Workers of America vs. Warrior & Gulf Navigation Co.,* 363 US 574, 581, 80 S Ct 1347, 1352 (1960); *Forrest Industries, Inc. vs. Local Union No. 3-436,* 381 F 2d 144, 146 (9th Cir 1967)."

Applying those well established rules of construction, he found that the claim asserted by the plaintiffs was

---

by mutual consent of the parties so involved. Likewise, any step in the grievance procedure may be eliminated by mutual consent. Mutual consent shall be indicated in writing and shall be signed by all parties involved.

"(7)   No employe shall be disciplined or discriminated against in any way because of the employe's proper use of the grievance procedure."

a grievable matter, and we agree. He did not, however, expressly interpret the whole phrase "grievances relating to employment conditions and relationships" that appears in the grievance procedure. Defendant argues essentially that *on the merits* the employees had nothing to complain about because their entitlement to vacation had been negotiated and settled before they became city employees. That is beside the point. The employees asserted a claim of entitlement to vacation on a specified basis and that that entitlement had been denied by the city. Thus, they were asserting a grievance "relating to employment *** relationships." Under the city's procedure, the defendant was required by Step 3 to respond. He did not, and as a consequence paragraph 5 came into play.

Affirmed.