[Civ. No. 46345. Second Dist., Div. One. Feb. 26, 1976.]

BONNIE A. HELTON et al., Plaintiffs and Respondents, v.
CITY OF LONG BEACH et al., Defendants and Appellants.

**COUNSEL**

Leonard Putnam, City Attorney, and Robert G. Austin, Deputy City Attorney, for Defendants and Appellants.

Charles T. Smith for Plaintiffs and Respondents.

## OPINION

**THOMPSON, J.**—This is an appeal from a judgment enjoining enforcement of Long Beach Ordinance C-5106 as amended by Ordinance C-5145. It raises the issue of the constitutionality of a city business license tax surcharge differing by region imposed to implement a municipal parking and business improvement area plan adopted pursuant to Streets and Highways Code section 36000 et seq. We conclude that: (1) the validity of the surcharge must be determined by the "rational basis" rather than "suspect classification" test of equal protection; (2) that a legislative classification of businesses based upon a reasoned conclusion of anticipated benefits to be derived from a municipal project is a rational basis for differences in taxes; (3) the City of Long Beach has applied such a reasoned conclusion in the ordinances here involved; and (4) the ordinances, therefore, do not deny equal protection of the law and are valid. Accordingly, we reverse the judgment.

The California Parking and Business Improvement Area Law of 1965 was enacted "to authorize cities to impose a tax on businesses within a parking and business improvement area . . . in addition to the general business license tax, if any, in the city, and to use such proceeds for the following purposes: [¶] (a) The acquisition, construction or maintenance of parking facilities for the benefit of the area. [¶] (b) Decoration of any public place in the area. [¶] (c) Promotion of public events which are to take place on or in public places in the area. [¶] (d) Furnishing of music in any public place in the area. [¶] (e) The general promotion of retail trade activities in the area." (Sts. & Hy. Code, § 36000.)

City councils are authorized to designate parking and business improvement areas by following procedure prescribed by the act. (Sts. & Hy. Code, § 36020.) The statute provides that the municipality "may make a reasonable classification of businesses, giving consideration to various factors, including the degree of benefit received from parking only" in determining any additional tax to be imposed. (Sts. & Hy. Code, § 36040.) The special tax levied pursuant to the authority of the Parking and Business Improvement Area Law of 1965 must be used for the purposes of the areas established by the authority of the act. (Sts. & Hy. Code, § 36063.)

The City of Long Beach imposes a business license tax in the traditional form, classifying businesses by their specific type of activity

and imposing tax upon them at varying amounts depending upon the classification. Long Beach adopted a parking and improvement area ordinance conforming to the procedural and substantive requirements of the state enabling legislation. The amended ordinance which encompasses the plan includes a special business license tax as permitted by the state law. The amount of the tax is determined by classification of business and "benefit zone." Two benefit zones, designated "Zone No. 1" and "Zone No. 2," are included within the parking and business improvement area. Zone 2 apparently encompasses an area surrounding a core segment consisting of Zone 1. Businesses are classified by their type of activity in classes "A" through "G." The rate of special parking and business improvement tax varies from one-fourth of the regular business license tax for class A businesses in Zone 1 to four times the regular business license tax for class F businesses in Zone 1. Class G businesses in Zone 1 pay a tax based upon gross receipts. Except for class A businesses in Zone 2, which are exempt from the tax, businesses in Zone 2 are taxed at one-half the rate of those in Zone 1. Long Beach businesses outside both Zones 1 and 2 are not subject to the tax.

Plaintiffs filed the action at bench seeking to enjoin the Long Beach parking and business improvement ordinances and contended that the taxing scheme denied them equal protection of the law. Concluding that "the imposition of greater license taxes upon businesses located in one area of the City than are imposed upon the same or similar businesses located in other parts of the City" violates equal protection of the law, the trial court permanently enjoined enforcement of the amended ordinance. This appeal followed.

"Two tests are applied . . . in examining . . . statutory classifications for violations of the constitutional guarantees of equal protection. In ordinary equal protection cases not involving suspect classifications or the alleged infringement of a fundamental interest, the classification is upheld if it bears a rational relationship to a legitimate state purpose. [Citations.] But if the statutory scheme imposes a suspect classification, such as one based on race [citations] or a classification which infringes on a fundamental interest, such as the right to pursue a lawful occupation [citations] or the right to vote [citations] the classification must be closely scrutinized and may be upheld only if it is necessary for the furtherance of a compelling state interest. [Citations.]" (*Weber* v. *City Council,* 9 Cal.3d 950, 958-959 [109 Cal.Rptr. 553, 513 P.2d 601].)

■ Where a suspect classification or fundamental interest is not involved, "[a] legislative classification may satisfy the traditional equal protection test without being the most precise possible means of accomplishing its legislative purpose. Only a reasonable relationship to that purpose is required." (*Weber* v. *City Council, supra,* 9 Cal.3d 950, 965.) ■ Legislative classifications drawn in a taxing scheme are subject to the "ordinary-traditional" test of equal protection. (*Henry's Restaurants of Pomona, Inc.* v. *State Bd. of Equalization,* 30 Cal.App.3d 1009, 1017 [106 Cal.Rptr. 867].) The power of the legislative branch to classify for the purposes of taxation is a broad one. (*Walters* v. *City of St. Louis,* 347 U.S. 231, 237 [98 L.Ed. 660, 665-666, 74 S.Ct. 505].)

■ A municipality may thus impose license taxes at different rates upon different classes of taxpayers so long as the classification is founded on a reasonable basis. (*E. A. Hoffman C. Co.* v. *Newport Beach,* 120 Cal.App. 525, 529 [8 P.2d 235]; *Continental B. Co.* v. *City of Escondido,* 21 Cal.App.2d 388, 393 [69 P.2d 181].) It may create subclasses of businesses engaged in the same type of activity for the purpose of imposing different rates of tax if the classification "is founded on natural, intrinsic or fundamental distinctions which are reasonable in their relation to the object of the legislation . . ." (*Fox etc. Corp.* v. *City of Bakersfield,* 36 Cal.2d 136, 142 [222 P.2d 879]) rather than on a fanciful difference (*City of Los Angeles* v. *Lankershim,* 160 Cal. 800, 803 [118 P. 215]) or one designed to afford an advantage to local business competing with outsiders. (See e.g., *Bueneman* v. *City of Santa Barbara,* 8 Cal.2d 405, 415 [65 P.2d 884, 109 A.L.R. 895]; cf. *Sivertsen* v. *City of Menlo Park,* 17 Cal.2d 197, 201 [109 P.2d 928].)

The classification drawn by Long Beach Ordinances C-5106 and C-5145, creating subclasses of businesses located in Zone 1, Zone 2, and outside the parking and business improvement area, is founded upon a natural and intrinsic distinction reasonable in relation to the objective of the ordinances. The purpose of the Parking and Business Improvement Law and ordinances enacted to implement it is to prevent flight of businesses from the core area of cities, to prevent further deterioration of the areas, and to rehabilitate the deteriorating business districts. (Stats. 1965, ch. 241, § 2, p. 1230.) The rehabilitative function necessarily improves the financial prospects of existing businesses within the rehabilitated area. Their prospects of improvement are related to the proximity to the improvements made by the municipality with the funds derived from the special taxes used to finance the project. In sum, the classification of businesses governing the differences in tax rates found

by the trial court to deny equal protection of the law[1] is based upon the prospects of economic benefit from the use of the tax funds to the businesses taxed. That is a rational basis and one particularly related to the purpose of the legislation.

█ We thus conclude that the ordinances here involved do not deny plaintiffs the equal protection of the law.

The judgment is reversed.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied March 24, 1976, and respondents' petition for a hearing by the Supreme Court was denied April 22, 1976.

---

[1]Plaintiffs argue inferentially that the Long Beach business license tax imposes irrational classifications of differently taxed businesses which are exacerbated by the parking and business improvement area surcharge. Neither here nor in the trial court do they support that argument by reference to specifics. They have thus failed in their burden of demonstrating invalidity of the taxing ordinances. (See *Ex parte Haskell*, 112 Cal. 412 [44 P. 725].)